## GEORGE J. BIGGERSTAFF V. THE STATE.

### No. 11235.   Delivered November 14, 1927.

### . Rehearing denied February 8, 1928.

**1.—Acquisition of Property by Threats—Arrest of Judgment—Properly Refused.**

Where appellant was charged with the acquisition of property by · threats under Art. 1409, P. C., the indictment alleging threats to kill unless money was delivered, and that the injured party by reason of fear of, and believing that the defendant would do him serious *bodily injury*, delivered to him the said sum of money and property was sufficient, and the motion in arrest of judgment was properly overruled. Following Williams v. State, 34 Tex. Crim. Rep. 523.

**2.—Same—Charge of Court—Defining Threat—Correct.**

Where, on a trial for the acquisition of property by threat, the court charged the jury that a threat to kill a person when accompanied by the exhibition of deadly weapons, or the semblance thereof, in an angry and threatening manner calculated to alarm such person, etc., same was a correct presentation of the law.

**3.—Same—Charge of Court—On Deadly Weapon—Correct.**

Where, on a trial for the acquisition of property by threats, the court charged the jury that a pistol used by appellant was a deadly weapon, was not erroneous, it being shown that he pointed the pistol at prosecutor, and it was proper to presume that it was loaded and was a deadly weapon, in the absence of proof to the contrary. See Lockland v. State, 45 Tex. Crim. Rep. 87, and other cases cited.

**4.—Same—Evidence—Photograph of Telegram—Improperly Admitted, But Harmless.**

It was error to permit the state to introduce in evidence a photostatic copy of a Western Union money order, without accounting for the original, but in view of the record which shows other conclusive evidence of the delivery of property, induced by the threats, no reversible error is shown. See Underhill on Crim. Evidence, paragraph 90; Wigmore, paragraph 797; Cox v. State, 272 S. W. 490, and Art. 1409, P. C.

**5.—Same—Evidence—Under Indictment—Sufficient.**

Where the indictment, under Art. 1409, P. C., charges the delivery of several different articles of property by reason of threats, proof of the delivery of one or more of the articles alleged is sufficient. See Grissom v. State, 40 Tex. Crim. Rep. 147, and Sims v. State, 64 Tex. Crim. Rep. 435.

ON REHEARING.

**6.—Same—Evidence—Of Secondary Character—Harmless Error.**

It is well settled in this state that the erroneous admission of testimony is not cause for reversal, if the same fact is proven by other testimony not objected to. While it was error in this case to admit a photostatic copy of a telegraph money order, the receipt of such money order by appellant was proven by other evidence, not objected to, and the error in admitting the copy was harmless. See Wagner v. State, 53 Tex. Crim. Rep. 307, and other cases cited on rehearing.

Appeal from the District Court of Wichita County. Tried below before the Hon. P. A. Martin, Judge.

Appeal from a conviction for the acquisition of property by threats, penalty five years in the penitentiary.

The opinion states the case.

*Mathis & Caldwell* of Wichita Falls, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

MARTIN, JUDGE. — Appellant was indicted and convicted under Art. 1409 of the Penal Code for the unlawful acquisition of property by threats, penalty five years in the penitentiary.

Motion in arrest of judgment was presented and overruled questioning the sufficiency of the indictment, it being claimed in substance that since the indictment alleged a threat to kill one P. P. Robertson, followed by an allegation that Robertson only believed that appellant would inflict serious bodily injury upon him, that a variance and contradiction results, since Robertson should have believed that appellant intended to kill him. After alleging that the appellant threatened to kill P. P. Robertson, provided the said P. P. Robertson did not pay to the appellant the sum of $3,000.00, and other allegations not material to the point involved, the indictment continues: "And the said P. P. Robertson did then and there, by reason thereof and by reason of being in fear of the said George J. Biggerstaff and believing that the said George J. Biggerstaff would do him, said P. P. Robertson, serious bodily injury if he did not do as commanded and threatened by the said George J. Biggerstaff, delivered to the said George J. Biggerstaff the said property." The last clause with reference to belief of serious bodily injury was surplusage. Omitting this clause altogether, the indictment contains all the statutory elements of the offense set out in Art. 1409 of the Penal Code and all the requisites for an indictment under this article held to be necessary in the case of Williams v. State, 34 Tex. Crim. Rep. 523. This being true, the court's action in overruling said motion was correct. This also disposes of appellant's contention that there was a variance between the allegations in the indictment and the proof.

The sufficiency of the evidence to sustain the conviction is called in question. The case presents some rather interesting and unusual aspects. The prosecuting witness, Robertson, was visiting in Oklahoma. He was there introduced to a woman who desired to ride with him to Wichita Falls. They started

together in witness' car and after crossing the line into Texas and nearing the town of Electra, they were stopped. Robertson testified:

"A car drove around me and a man waved at me to stop. He got in front of me and stopped. I stopped and he jumped up on my car and the lady fell over in my lap and started to crying and said 'That is my husband.' * * * He said 'Yes, I ought to kill you both. I promised myself that if I ever caught her with a man I would kill them both.' He was talking to me and I told him to go on and take his wife, that I had not injured her in any way. * * * He asked me to get out of the car and go behind the car and when we went behind the car she said, 'Please don't kill him, George,' and he said he would have to have $3,000, that he had spent $3,000 trying to find her."

Witness further testified, in substance, that he told appellant he could not get the $3,000, upon which appellant told him that he had a good Ford and that he could give him $500 in money and sign a note for $500, and he would let him off. He further testified:

"As to why I delivered the car to him, well, I thought I had to. He threatened to kill me and I believe he would have killed me if I did not do what he said."

The testimony further shows that while the lady lay weeping in the sanctuary of witness' lap, the appellant refused to be comforted, although assured by witness that his itinerant spouse had been a perfect lady. He continued apparently much excited over the slain honor of his errant wife. The property described in the indictment was promised and finally delivered to appellant by witness, and then his former excitement faded like Goldsmith's "glimmering landscape." A triumphant peace filled his soul. Tennyson's lines appropriately describe his healed wounds: "The jingle of the guinea helps the hurt that honor feels." It subsequently developed that she of the weeping eyes was not the wife of appellant. Indeed, she wasn't apparently anybody's wife. She was a "delusion and a snare;" a modern Delilah who had shorn this old country boy of his property while watering his shirt bosom with spurious tears. Witness was disillusioned. Appellant was arrested. The property which witness had been wept and threatened out of was found in appellant's possession in the State of Oklahoma. He was tried, convicted and given five years. The evidence is abundantly sufficient. There was no controversy about the facts. A verdict of guilty is not surprising in the light of the

evidence shown in the record.    Indeed there was no excuse for any other.

A threat to do an illegal act was defined by the court as "a threat to kill a person when accompanied by the exhibition of deadly weapons or the semblance thereof in an angry and threatening manner calculated to alarm such person."   Exception was made to this paragraph because it assumed that the pistol shown to have been used by appellant was a deadly weapon when it is not per se a deadly weapon but depends upon the manner of its use.   It appears from the testimony that appellant pointed his pistol at the prosecuting witness when he demanded the $3,000.   This pistol was not used or attempted to be used as a bludgeon and the presumption is that it was loaded, in the absence of proof to the contrary.   Under these circumstances it was a deadly weapon.   Lockland v. State, 45 Tex. Crim. Rep. 87.   See also Cromwell v. State, 60 Tex. Crim. Rep. 183; Ford v. State, 51 Tex. Crim. Rep. 443.   The court's charge was correct.

A photostatic copy of a Western Union money order for $500 was introduced without accounting for the original.   The reception of this evidence was error.   Photographs of this character are not regarded as primary evidence. Underhill Crim. Evidence, paragraph 90; Wigmore, paragraph 797.   See also Cox v. State, 272 S. W. 490.   However, it does not follow that such prejudicial error was committed as would require a reversal.   Art. 1409, P. C., only requires the delivery of "any property."   The indictment alleged the delivery of four different species of property, namely, one Western Union money transfer, one Ford automobile, one promissory note, and one check.   Proof of the delivery of any of these under the circumstances set out in the indictment would support a conviction.   The state could have rested its case solely upon proof of the delivery of the automobile.   It was one transaction and the same proof necessary to establish one established all.   A reversal might have to follow the reception of the above evidence if the indictment had charged only the acquisition of this particular article, but the state does not rely for a conviction solely upon proof that this one article was acquired and proof of it was not necessary in view of the evidence with reference to the passing of the other three articles. It is never necessary under an indictment, for example, charging theft from the person, to prove that all of the property alleged to have been stolen from the person was taken; proof of any part is sufficient.   Grissom v. State, 40 Tex. Crim. Rep. 147; Sims v. State, 64 Tex. Crim. Rep. 435.   We hold, therefore, that

the improper admission of evidence which went only to prove an unnecessary allegation does not constitute reversible error, it not appearing to be of a prejudicial character. Then, too, the facts with reference to the acquisition of this article by appellant were fully testified to by witness without objection.

We do not believe there is any merit in the complaint of the court's charge to the effect that it failed to require the jury to find that at the particular time he gave his property to appellant he was at that time fearing appellant would kill him. The court's charge, we think, sufficiently covers this issue and its length precludes setting same out in this opinion.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE. — The opinion ordering the affirmance of the judgment is attacked upon the ground that the introduction of the copy of the money order should operate to reverse the judgment. We fail to perceive the importance of the details of the telegraph money order. As the testimony is understood, proof was clearly made that the appellant and Robertson went together to the telegraph office; that Robertson wired for $500; that his wire was honored and a money order for $500 was delivered to the appellant. After this proof was made, the photostatic copy of the money order was introduced in evidence. That the appellant got the money order is not the subject of controversy. In Wagner's case, 53 Tex. Crim. Rep. 307, it is said:

"It is well settled in this state that the erroneous admission of testimony is not cause for reversal if the same fact is proven by other testimony not objected to. See Rogers v. State, 26 Tex. Crim. App. 404; Walker v. State, 17 Tex. Crim. App. 16; Johnson v. State, 26 S. W. 506; Stephens v. State, 26 S. W. 728; Logan v. State, 17 Tex. Crim. App. 50; West v. State, 2 Tex. Crim. App. 460, and Carlisle v. State, 37 Tex. Crim. Rep. 108."

Improperly receiving evidence, as indicated in the opinion of this court written by Judge Ramsey, from which the above quotation is taken, does not necessarily work a reversal of the

judgment. See also Nichols v. State, 91 Tex. Crim. Rep. 280; Koontz v. State, 92 Tex. Crim. Rep. 19; Windham v. State, 93 Tex. Crim. Rep. 480; Gurski v. State, 93 Tex. Crim. Rep. 614; Cathey v. State, 94 Crim. Rep. 600; Bennett v. State, 95 Tex. Crim. Rep. 74; Allen v. State, 98 Tex. Crim. Rep. 221; Ables v. State, 101 Tex. Crim. Rep. 482; Asher v. State, 102 Tex. Crim. Rep. 172; Thomas v. State, 103 Tex. Crim. Rep. 673; Houston v. State, 105 Tex. Crim. Rep. 68; Osborne v. State, 106 Tex. Crim. Rep. 314.

The motion is overruled.

*Overruled.*