## ARTHUR TED BELL V. STATE

No. 28,436. October 3, 1956.

*Henry Tirey* and *Joe McNicholas,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *George P. Blackburn, Harvey Lindsay* and *A. D. Bowie,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is murder; the punishment, 20 years.

The deceased, Billy Bob Benton, received two stab wounds in what appears to have been a gang fight, and died as a result of the wound in the groin which severed the femoral artery.

Appellant was charged and convicted of murder upon the

theory that he inflicted the death wound with a knife with intent to kill Billy Bob Benton and with malice aforethought.

Under the state's theory, only the person who inflicted the mortal wound was guilty of murder, there being no contention or submission of the question of appellant's guilt under the law of principals.

Appellant sought to show that, though he participated in the fight and with a knife assaulted two persons (one of whom is sufficiently identified as the deceased), the knife he used did not and could not have inflicted the stab wound which caused the death of Billy Bob Benton.

When appellant appeared before the police, some two weeks after the homicide and signed a voluntary statement admitting his participation in the fight, he delivered to the police a small knife which was offered in evidence by the defense. It had a blade $\frac{1}{4}$ of an inch in width. Appellant identified this knife, both in his statement and in his testimony at the trial, as the one he used in the fight.

The death wound was described by the state's medical expert and by Officer E. R. Beck of the Dallas Police, who was called by the defense, as a stab wound. The doctor testified that it was 1.8 centimeters in length, while Officer Beck described it as "about an inch in length or thereabouts" and as a stab wound such as made by a knife with a wide blade.

A knife taken by Officer Beck from one Smith, another participant, was offered in evidence by the state. Officer Beck, having measured it in the presence of the jury, testified that the blade was $\frac{5}{8}$ of an inch wide.

Officer Beck testified that he had been connected with the Dallas Police Department for sixteen years and assigned to the homicide squad for eight of those years; that he had had occasion to investigate many cases where knives had been used in the commission of murder and other criminal offenses, and that he considered himself an expert on "determining the kind of weapon and its use as to whether or not it would be a deadly weapon."

The record shows that, had he been permitted to answer the question propounded to him by appellant's counsel, Officer Beck would have testified and expressed the opinion, based upon his

experience and his examination of the wound and of the two knives, that the fatal wound could have been inflicted by the knife he took from Smith but could not have been inflicted by the small knife which appellant produced.

The trial court was in error in ruling that the testimony as to the small knife was "purely speculative" and in sustaining the objection to the question relating to the Smith knife on the ground that the officer was not qualified to answer.

One who has examined the wounds on the body of a person who has been killed, though not an expert, may describe them in terms of the kind of instrument by which they could or could not have been produced, and may give his opinion as to the kind of instrument used in making the wounds. Espinoza v. State, 73 Tex. Cr. R. 237, 165 S.W. 2d 208; 19 Tex. Jur. p. 362-3.

The testimony, if admitted, would have tended to support appellant's defensive theory that the weapon he used was not a deadly weapon and that he did not inflict the mortal wound.

Upon another trial other claimed errors will not likely arise.

The judgment is reversed and the cause is remanded.