Jimmie MORRIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 36087.

Court of Criminal Appeals of Texas.

Nov. 13, 1963.

Rehearing Denied Jan. 8, 1964.

Joe J. Newman, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally and Don Keith, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for aggravated assault; the punishment, two years in jail and a $500 fine.

Earnest Sampson testified that on passing a cafe, a waitress asked him to come in, as she was alone with a man (appellant) who was sitting on a stool with his head resting on his hands on the counter. When he told the waitress he could not stay she said, "that man is sleeping over there, I am scared, would you mind waking him up before you leave," whereupon Sampson shook appellant's shoulder and said, "wake up man," at which time appellant got up and began cursing Sampson; and after a few minutes, and while Sampson was lighting a cigarette, the appellant struck him twice rendering him unconscious. The next thing Sampson remembered was being in the hospital where he remained nine days because of injuries inflicted by appellant to his face and head, resulting in the loss of the sight in his right eye.

The testimony of the waitress Williams corroborates that of the witness Sampson until Sampson had fallen to the floor unconscious. She testified that after appellant knocked Sampson down he kicked and stamped him three or four times in the face, although she tried to prevent it, and the appellant then left the cafe. Sampson's eyes at this time were "all popped out (and) bloody."

The physician who examined Sampson at the hospital testified that he had suffered a fracture of the nasal bone, a subconjunctival hemorrhage of the eye and had difficulty with the vision in the right eye, and expressed the opinion that he had suffered serious injuries.

Testifying in his own behalf, the appellant stated that he entered the cafe to purchase some cigarettes and while there decided to drink a beer; that as he sat at the counter with his head down, Sampson came into the cafe, and Sampson on the pretense of waking appellant unbuttoned his left back pocket which contained $10 and was trying to ease his purse out at which time appellant asked "what did he mean" and hit him at the same time. Appellant further testified that he hit Sampson twice but did not kick and stamp him, and that he only intended to protect his property and did not intend to injure him.

It is contended that the trial court erred in permitting Officer Johansen to express the opinion that the use by a person of the size and physical build of the appellant of his feet to kick and stamp a person in the face would be a means calculated to inflict bodily injury such as he observed on the injured party, Sampson, over the objection

that it was highly inflammatory and invaded the province of the jury.

As a predicate to giving the above opinion Officer Johansen testified that he had been a police officer five and a half years and had made many investigations of persons assaulted with fists and kicked and stamped with feet. No objection was made to the qualifications of Officer Johansen. Officer Johansen found the injured party lying in the grass, called an ambulance, and observed his condition at this time. The contention is overruled. Bell v. State, 163 Tex.Cr.R. 427, 293 S.W.2d 771.

█ Appellant complains of the argument made to the jury by the prosecuting attorney when he referred to the appellant as follows:

"He was a man who for some reason was not acting normal. I don't know what he has done in his life time. I don't know what got into that man's system to cause him to not be acting normal. He said he wasn't drinking, maybe it was some other substance in him that was causing him to have a mind like that, I don't know."

Whereupon the appellant objected on the ground that it was inflammatory and the prosecutor was implying that the appellant was using narcotics, requested the court to instruct the jury not to consider such argument and moved for a mistrial. The objection, request and motion were overruled by the trial court.

The waitress testified that when appellant came into the cafe "he just didn't look right, he didn't act right," that he was not drunk, and that he slept on the counter, "about an hour or so." Appellant testified that he had not drunk any beer before going into the cafe.

An examination of the state's argument to the jury reveals that substantially the same argument complained of was again made without objection.

The formal bill does not appear to certify error but only that certain grounds were stated as objections. The complaint does not show error.

The evidence is sufficient to support the conviction and no error appearing, the judgment is affirmed.

Opinion approved by the Court.