**Richard Lee HOLDING, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43260.**

Court of Criminal Appeals of Texas.

Dec. 2, 1970.

John L. Sieren, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., James Henley Morgan, Truman Power, Jack Q. Neal and John Garrett Hill, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

The appeal is from a conviction for murder without malice, committed by driving a motor vehicle while intoxicated, as denounced by Article 802c, Vernon's Ann.P.C. The punishment was assessed by the jury at five years.

The record reflects that appellant drove his automobile across the median of the Dallas-Fort Worth Turnpike and killed James Northcutt, the deceased, as alleged in the indictment, and two others.

In the first ground of error, appellant contends that the State did not prove that the collision occurred on a public highway.

Eyewitnesses testified that the collision occurred on the Dallas-Fort Worth Turnpike. Officer James Billings, a Texas Highway Patrolman, testified that he investigated the collision in question and that it occurred on the Turnpike, a public highway in Tarrant County.

The first ground of error is overruled.

Appellant next contends that the trial court committed reversible error in admitting into evidence a diagram of the scene of the collision prepared by Patrolman Billings. The complaint is that the diagram showed the purported movement of appellant's vehicle which was not observed by the officer, who arrived at the scene several minutes after the collision.

Officer Billings' testimony shows that he had been a patrolman for seven and one-half years, and one of his chief duties was accident investigation. He had made numerous investigations and reports of automobile collisions. He testified about the directions the cars were travelling and the point of impact without objection. He further testified that he made the diagram in question based on his investigation at the scene, taking into consideration debris, direction of travel, the point of impact and the location of the automobiles when he arrived.

From the testimony it appears that the diagram was an illustration of the officer's testimony, based on the physical facts which he observed.

■ This Court has often held that a police officer, after a proper showing of his qualifications, can give an opinion concerning the physical facts that are within his personal knowledge. Johnson v. State, 172 Tex.Cr.R. 201, 355 S.W.2d 191; Morris v. State, Tex.Cr.App., 373 S.W.2d 495; Miller v. State, Tex.Cr.App., 427 S.W.2d 892.

■ To explain the testimony of a witness and render it more intelligible, it is proper and legitimate to introduce diagrams. 23 Tex.Jur.2d, Evidence, Section 324, p. 468, n. 10. The court did not err in admitting the diagram into evidence.

The second ground of error is overruled.

■ In his final ground of error, appellant contends that the State's evidence was insufficient to prove that he was intoxicated.

Marjorie Crockett, manager of the Driftwood Drive-In, testified that at about 12:15 P.M. on the day of the collision appellant came to the Drive-In to get the keys to his wife's car. Mrs. Crockett testified that appellant's wife told appellant that he was drunk and did not want to give him the keys. Mrs. Crockett further testified that, in her opinion, appellant was "good and drunk."

Nancy Holloman, a waitress at the No-Name Tavern, testified that on the day of the collision appellant came into the tavern about 1:00 P.M., and together with four other men, drank three to five one-gallon pitchers of beer. Later at about 2:20 P.M. appellant's wife came into the tavern and shared a pitcher of beer with appellant and two other men. At approximately 3:00 P.M. appellant took a plastic jug of beer and left the tavern.

Charles Anthony testified that at approximately 3:40 P.M. he saw the collision, and he saw a liquor bottle, beer cans and a plastic jug in the back seat of appellant's automobile.

Patrolman Billings testified that appellant had a strong odor of beer on his breath and that at the hospital, shortly after the collision, appellant was fighting, kicking, swearing and speaking incoherently while attendants sought to treat his injuries. He further testified that in his opinion appellant was as drunk as one could get.

Dr. Littlejohn, a physician at the hospital, testified that he had observed hundreds of men in various stages of intoxication and that he smelled alcohol on appellant's breath, and in his opinion, appellant was fully intoxicated.

There was sufficient evidence for the jury to conclude that the appellant was intoxicated.

The evidence is sufficient to support the conviction.

There being no error, the judgment is affirmed.