Effie Mae **JACKSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44466.

Court of Criminal Appeals of Texas.

March 22, 1972.

George S. McCarthy, Amarillo, for appellant.

Tom Curtis, Dist. Atty., Kerry Knorpp, Asst. Dist. Atty., Amarillo and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is murder without malice; the punishment, three (3) years.

Our prior opinion dismissing this appeal is withdrawn and appellant's motion to reinstate the appeal is granted.

The record reflects that 66 year old Effie Mae Jackson was indicted for shooting her husband with a pistol following a family argument.

Appellant first complains that certain portions of the cross-examination of her sister were improper. It is well established that a timely objection is required to preserve a point for review. Bitela v. State, Tex.Cr.App., 463 S.W.2d 738; Watkins v. State, Tex.Cr.App., 411 S.W.2d 364; Kilrain v. State, 166 Tex.Cr.R. 265, 313 S. W.2d 299; Arseneau v. State, 145 Tex.Cr. R. 587, 171 S.W.2d 132. We fail to find any objections to the cross-examination in question and consequently nothing is presented for review. Further, the cross-examination in question presents nothing objectionable.

The record reflects that the court sustained appellant's objections to the admission of certain drawings made by officer Gray at the scene because they were not drawn to scale; i. e., the bed was not in proper proportion to the size of the room. However, the court permitted him, over objection, to reproduce the scene on the blackboard, using his original drawing for reference. The witness testified that although his original drawing and the blackboard reproduction were not done to scale, the room measurements were accurate since he took them when he arrived at the scene. Appellant contends that the court erred in permitting officer Gray to make the blackboard reproduction.

We fail to understand why the court initially refused to admit these drawings into evidence. Diagrams are admissible to explain and clarify a witness' testimony. Holding v. State, Tex.Cr.App., 460 S.W.2d 133. These drawings were not offered as exact scale replicas of the scene but were offered merely to show the layout of the apartment and make the officer's testimony clearer. Any inaccuracy in the scale of the drawings would not, under the circumstances, affect their admissibility. Chapin v. State, 167 Tex.Cr.R. 390, 320 S.W. 2d 341. Clearly then, the trial court did not err in permitting the officer to use one of the drawings to aid him in reproducing the scene on the blackboard.

Appellant next contends that "the court erred in allowing officer Gerald E. Jacobs to testify as to ballistic distances from an object where powder burns would appear when it is uncontradicted in the rec-

ord that Officer Jacobs who was not an expert as so admitted in his testimony . . ." The record reflects that appellant did not object when Jacobs testified that the bullet which killed the deceased was fired from a distance of less than six inches and, therefore, did not properly preserve this ground of error for review.

In her fourth ground of error, appellant complains of the court's failure to grant her motion for a directed verdict. She claims that the voluntary statement which the State introduced into evidence without objection shows she acted in self-defense, and that the State, in order to meet its burden, had to disprove any exculpatory statements in it.

In Madden v. State, 171 Tex.Cr.R. 80, 344 S.W.2d 690, this Court answered a similar contention. Therein we said:

"Appellant relies upon the rule that where the State introduces a confession in evidence containing exculpatory statements, it is ordinarily incumbent upon the court to instruct the jury that the exculpatory statements are regarded as true unless disproved. This rule does not apply where the accused on trial testifies before the jury in accordance with such exculpatory statements and his defensive theory is fairly submitted to the jury."

In the instant case, appellant testified to substantially the same facts she claims show she acted in self-defense, and the record reflects that the court fairly submitted this defensive issue to the jury. Therefore, nothing is presented for review. Treadway v. State, 150 Tex.Cr.R. 271, 200 S.W.2d 199.

Appellant's last contention is that there is insufficient evidence to support her conviction for murder without malice and that the court's charge on self-defense was insufficient under Fennell v. State, Tex.Cr. App., 424 S.W.2d 631.

Appellant did not object to the court's charge and, thereby, did not preserve this ground for review. Further, in Fennell, supra, the court's charge to the jury only set out the law of self-defense abstractly and failed to apply the law to the facts of the case. In the case at bar, the charge was full and complete and applied the law to the facts.

There is no reversible error.

The judgment is affirmed.