84 ■ ▬▬▬▬▬▬▬▬▬▬▬▬▬

**Robert Earl BURRELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45386.**

Court of Criminal Appeals of Texas.

Nov. 22, 1972.

Larry W. Murphree, Dallas, for appellant.

Henry Wade, Dist. Atty., and Mike G. McCollum, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

The conviction was for burglary with intent to commit theft with the punishment being assessed at two and one-half years by the jury.

In his sole ground of error, appellant contends the court erred in admitting into evidence State's Exhibit No. One—a rough draft depicting the area of the alleged burglary.

On direct examination, Officer Palmer identified the exhibit as a "rough" draft, meaning that it was not drawn to scale, but that it accurately depicted the scene of the burglary and was "in proportion." When the State offered the exhibit, the appellant's counsel took the witness on voir dire and then objected. The court then determined from the witness that the exhibit accurately depicted the location that he had been testifying about and overruled the objection.

In Jackson v. State, 477 S.W.2d 879, 880 (Tex.Cr.App.1972), this court wrote:

"We fail to understand why the court initially refused to admit these drawings into evidence. Diagrams are admissible to explain and clarify a witness' testimony. Holding v. State, Tex.Cr.App., 460 S.W.2d 133. These drawings were not offered as exact scale replicas of the scene but were offered merely to show the layout of the apartment and make the officer's testimony clearer. Any inaccuracy in the scale of the drawings would not, under the circumstances, affect their admissibility. Chapin v. State, 167 Tex. Cr.R. 390, 320 S.W.2d 341. . . ."

It is clear that the trial court did not err in admitting State's Exhibit No. One.

The judgment is affirmed.