Robert Earl OVERTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 45334.

Court of Criminal Appeals of Texas.

Jan. 24, 1973.

Rehearing Denied Mar. 7, 1973.

Don Metcalfe, Dallas, for appellant.

Henry Wade, Dist. Atty., W. T. West-moreland, Jr., Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This appeal is taken from a conviction for the offense of robbery. Punishment was assessed at 15 years' confinement.

Appellant alleges nine grounds of error. The sufficiency of the evidence is not challenged.

A witness for the State, David Pope, testified that on the night in question, January 25, 1971, he was employed at Church's Fried Chicken in Mesquite. Near closing time, he saw appellant and another man standing at the window of the store. They ordered some chicken and then had Pope and his co-worker come to the front of the store. The robbers then each pulled a gun, and demanded money. They were given about $350.00, Pope and his co-worker were forced into a walk-in cooler, and then the offenders fled.

Another State's witness, an employee for a car rental agency, testified that on January 26, 1971, he went to a Mesquite motel to check on a rental car, because of some concern over its rental status. The car had been rented to a Stuart Suedkamp. Finding that the rental stickers had been scraped off the car, the car rental agency employee pulled the coil wire off the automobile. A police officer came up and asked what was going on. Satisfied with the explanation he received, the policeman and the car rental agency employee went to one of the motel rooms, where Suedkamp, appellant and another man were present. With Suedkamp's consent, the car was examined, and a money bag, two loaded guns, and cash were found in the trunk of the car. The police officer corroborated this story.

No defense witnesses were presented.

 In appellant's first ground of error, he argues that the court erred in granting

the State's motion to shuffle the jurors. It is appellant's contention that the bailiff asked the State's attorney if there was going to be a motion to shuffle,[1] and the State's attorney replied that there would not be. However, the State's attorney subsequently told the court, *prior to the voir dire examination of the jurors,* that there would be a motion to shuffle. Such motion was granted by the trial court, and the trial judge noted in the record that the motion was made prior to the seating of the jurors. The present situation is unlike the recent case of Griffin v. State, 481 S.W.2d 838 (Tex.Cr.App. 1972), wherein it was held that defense counsel was too late in filing his motion to shuffle the venire list when he did so only after unlimited questioning of the panel. Appellant has failed to show a violation of Article 35.11, Vernon's Ann.C.C.P., and his first ground of error is overruled.[2]

In his second ground of error, appellant contends that the trial court erred in allowing into evidence a sketch that was not to scale and was clearly distorted. The sketch was of the Church's Fried Chicken where the robbery occurred. The following colloquy occurred when witness Pope testified:

"Q * * * Does this represent or is it an attempt to represent the Church's Fried Chicken where you worked as it appeared back on the 25th of January 1971?

"A Yes.

"Q More specifically, is that basically the way it appeared at about 10:00 p. m., just about closing time on that day?

"A Yes.

"Q All right. Realizing that this State's Exhibit No. 1 is not to scale, does it nonetheless fairly and accurately reflect the relative position of objects within the store as well as the layout, the floorplan of the interior of the store as well as the adjoining streets?

"A Yes.

"MR. SCOTT: Your Honor, we will offer this as State's Exhibit 1."

The drawing was not admitted for its accuracy, but for the limited purpose of laying the floorplan of the establishment and the adjoining streets. Any inaccuracy in the scale of the drawings would not, under the circumstances, affect its admissibility. The court did not err in admitting the diagram into evidence. Burrell v. State, 487 S.W.2d 84 (Tex.Cr.App.1972); Jackson v. State, 477 S.W.2d 879 (Tex.Cr.App. 1972); Holding v. State, 460 S.W.2d 133 (Tex.Cr.App.1970); Chapin v. State, 167 Tex.Cr.R. 390, 320 S.W.2d 341, 344 (1959).

In appellant's ground of error # 5, he alleges that the court erred in allowing testimony that a money bag found in the trunk of the rental car was the very same bag taken in the robbery. The record re-

1. Article 35.11, V.A.C.C.P., states:
   "The trial judge, upon the demand of the defendant or his attorney, or of the State's counsel, shall cause the names of all the members of the general panel drawn or assigned as jurors in such case to be placed in a receptacle and well-shaken, and the clerk shall draw therefrom the names of a sufficient number of jurors from which a jury may be selected to try such case, and such names shall be written, in the order drawn, on the jury list from which the jury is to be selected to try such case, and write the names as drawn upon two slips of paper and deliver one slip to the State's counsel and the other to the defendant or his attorney."

2. This Court has held that an error under Art. 35.11, V.A.C.C.P., is not ordinarily of a constitutional dimension, nor one that would require discussion under Sec. 13 of Art. 40.09, V.A.C.C.P. See Bellah v. State, 415 S.W.2d 418, 421 (Tex.Cr. App.1967).

flects the following questioning of witness Pope by the prosecutor:

"Q Does that—does State's Exhibit No. 10 look exactly like the bank bag that this redhead, Dunham, had in his possession once you saw him again after he was inside the place of business?

"A Yes.

\*    \*    \*    \*    \*    \*

"Q State the facts with reference to whether or not you know that your all's records reflect that this is the very number of the bank bag that Dunham took from your boss, Mr. Calvert, out there on this particular night.

"MR. METCALFE: Objection Your Honor. The records themselves would be the best evidence of what they—

"THE COURT: If the witness knows, he may answer."

Defense counsel further inquired of Pope:

"Q \* \* \* My question is—I'm sorry. Is that the only way you have of ascertaining whether or not this is the same bag or not, is by some written records out at your place of business, Church's Fried Chicken?

"A Yes."

■ Thus, appellant's objection is that the best evidence rule was violated. Since this rule is infrequently written on by this

Court, it seems appropriate to outline the purpose of the rule and exactly what it does require. First, the best evidence rule is confined in its application to the requirement that to prove the contents of a document, the original document must be produced. 2 C. McCormick and R. Ray, Texas Evidence, § 1561 (2d ed. 1956). The best evidence rule rests on the fact that a document is a more reliable, complete, and accurate source of information as to its contents and meaning than anyone's description. Gordon v. United States, 344 U.S. 414, 73 S.Ct. 369, 97 L.Ed. 447 (1953). It should be stressed that the rule applies only where the purpose of the offered evidence is to prove the *contents* of the document. Cage v. State, 167 Tex.Cr.R. 355, 320 S.W.2d 364 (1958), cert. denied, 360 U.S. 917, 79 S.Ct. 1434, 3 L.Ed.2d 1533 (1959), rehearing denied, 361 U.S. 855, 80 S.Ct. 45, 4 L.Ed.2d 94 (1959). Therefore, this Court has held that the rule was not violated where the State offered evidence only to show the *existence* of a license, and not to prove its content. Reyna v. State, 477 S.W.2d 564 (Tex.Cr.App.1972).[3] See also Cage, supra.

■ Also, the recording of certain facts in books of account or other business records does not preclude the proof of the facts independently of the books. McCormick & Ray, supra, § 1566. Arguably, that is what the State did in the present case. However, if the proof of the facts is sought to be made by showing the *contents* of the books and records, the best evidence rule still applies. For example, in the arson case of Lemley v. State, 135 Tex.Cr.R. 148, 117 S.W.2d 435 (1937), the State un-

---

3.  We refer the reader to the Missouri case of State v. Coleman, 441 S.W.2d 46 (Mo. Sup.Ct.1969). In that cause, the victim of a robbery testified to the taking of an envelope containing $50.00. His identification of the envelope was based in part on a notation he had written on it before it was taken. An objection was made, based on the best evidence rule, to testimony concerning writing on the envelope. The Supreme Court of Missouri correctly held that insofar as the envelope was con-

cerned, the notations about which the victim testified were significant only from the standpoint of identification of the envelope returned to him. The object of his testimony was not to establish as a relevant matter what had been *written* on the envelope. Instead, the presence of the writing was the basis of his identification of the envelope, just as a distinctive color or shape might have been. Therefore, the best evidence rule was not applicable.

dertook to prove ownership to the property burned, by a record title, and having attempted to do this the State was bound by the rules of evidence regarding the documents offered. Similarly, in the instant case, the State sought to prove the ownership of the money bag, as alleged by the records belonging to Church's Fried Chicken. It was error for the court to overrule appellant's objection, and the best evidence rule was violated.

The prosecutor might well have avoided the present problem by going no further than inquiring of witness Pope whether or not the money bag appeared to be the same one taken in the robbery. This would have been a sufficient predicate to introduce it into evidence. See Alejandro v. State, 394 S.W.2d 523 (Tex.Cr.App.1965); Alexander v. State, 476 S.W.2d 10 (Tex.Cr.App.1972).

Nevertheless, we are unable to say that appellant was prejudiced by the wrongful admission of this testimony. Witness Pope had already testified that it appeared to be the same money bag taken in the robbery. In addition, both the rental car agency employee and the arresting officer testified that they recognized the money bag as the one recovered from the trunk of the rental car.[4] The error is not such as requires reversal. Biggerstaff v. State, 108 Tex.Cr.R. 631, 2 S.W.2d 256 (1927); Davis v. State, 54 Tex.Cr.R. 236, 114 S.W. 366 (1908). We also question whether or not there was any bona fide dispute as to the contents of these business records. In such cases production of the original document may be dispensed with, in the trial court's discretion, when no other useful purpose will be served by requiring production. Ex parte Moore, 436 S.W.2d 901 (Tex.Cr.App.1969), citing Wigmore on Evidence.

■ In appellant's ground of error # 9, he alleges that the prosecutor improperly argued that appellant was a professional criminal, since he did not leave fingerprints. (An examination of the record reveals an absence of any testimony relating to fingerprints.) The prosecutor's argument was in response to a plea by defense counsel for the jury to reflect on the facts and determine for themselves whether or not this robbery was the work of a professional criminal. Therefore, the subject matter of the prosecutor's argument was invited by the defense. See Hefley v. State, and cases cited therein, 489 S.W.2d 115 (Tex.Cr.App.1973). Yet the specific statement made relating to the lack of fingerprints was outside the record and should not have been made. Appellant's objection was sustained by the trial court, and an instruction for the jury to disregard was granted. We hold that the remark was not so inflammatory that its effect could not be overcome by the court's instruction.

■ Appellant's remaining grounds of error consist of one-sentence allegations, which are not briefed or argued. These points are not in accordance with Article 40.09, V.A.C.C.P., and will not be reviewed. Thompson v. State, 480 S.W.2d 624 (Tex.Cr.App.1972); Hefley v. State, supra.

The judgment is affirmed.

---

4. No chain of custody argument has been raised in this cause.