**Allan Wayne MURRAY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 47417.**

Court of Criminal Appeals of Texas.

Feb. 13, 1974.

Rehearing Denied March 6, 1974.

Emmett Colvin, Jr. and Lawrence B. Mitchell, Dallas, for appellant.

Henry Wade, Dist. Atty., William T. Westmoreland, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for murder; the punishment, two hundred years' imprisonment.

Appellant challenges the sufficiency of the evidence.

Twenty-one year old Pat Mahaney was murdered in her apartment in Dallas on the evening of February 18, 1970. The physician who performed the autopsy testified that she had been stabbed and cut nu-

merous times in the neck, chest, stomach, and back; and that her throat had also been severely slashed. In his opinion, death had resulted from these wounds. The physician also said she may have been choked, but the choking had not caused her death. The victim's body was discovered by her boyfriend, who found her nude but covered with articles of clothing, lying on the floor of her room between the bed and the wall. Officers investigating the crime found a butcher knife lying atop some of the clothing over her body. They also found a shoe print on her leg. Some Con-form brand prophylactics were lying next to the body. No evidence was found of sexual assault. A tampon was found in the victim's vagina. There were no signs of a forced entry into the apartment. Other than in the bedroom itself, there was no sign of a struggle.

About six months following the offense, appellant and his wife attended a party given by a friend, Fletcher Bass, where appellant became somewhat intoxicated. As he and his friend were driving in a car later in the evening, appellant confessed to Bass that he had killed the girl. Knowledge of the confession came to the police through appellant's wife, in whom Bass had confided the information. Police arrested appellant, who shortly thereafter confessed in writing. The substance of the confession is as follows:

"Last February 18, 1970 I was working for the City of Dallas, I got off work about 5:00 PM and got home about 5:30 PM. I was home for about 20 or 30 minutes and I decided to go upstairs and visit Pat Mahaney. I knocked on her door and she opened it and I went in. We talked for a few minutes. I do not know how it happened but I go (sic) her on the bed and choked her. This was after she made some statement about my wife. I choked her til she stopped talking. I had a pocket knife in my pocket and I stabbed her and got a butcher knife out of the kitchen and cut her throat. All this time I do not know

what came over me. I went to my apartment and cleaned up. The next day I thew (sic) the pocket knife away around R. L. Thornton Expressway. The next day I missed a package of rubbers that I carried and I had a funny feeling that I had dropped it in Pat's apartment, the brand name of the rubvers was con-forms.

/S/ Allan W. Murray"

On the same night appellant was arrested, the police went to his apartment, where his wife gave them his tennis shoes. The imprint pattern of the sole matched the imprint found on the leg of the deceased.

■ The physician who conducted the autopsy estimated that the victim had died sometime between 5:30 and 9:30 p.m. on February 18, 1970. At trial the appellant offered his own and other testimony indicating that he was alone in his apartment, located just below the victim's, from 5:30 until about 6:20 p.m. on the day in question. His confession implies that the murder occurred sometime just before or just after 6:00 p.m. Viewed in the light most favorable to the verdict, the evidence is sufficient to support the conviction. See White v. State, 478 S.W.2d 506 (Tex.Cr. App.1972); Pogue v. State, 474 S.W.2d 492 (Tex.Cr.App.1971); Jones v. State, 442 S.W.2d 698 (Tex.Cr.App.1969).

In ground of error two it is urged the written confession was erroneously admitted in evidence because it was obtained after the appellant's allegedly unlawful warrantless arrest.

■ Appellant's arrest came about when a Dallas police officer, Gus Rose, received a telephone call from appellant's wife. She told Rose her husband had told Fletcher Bass that he had killed Pat Mahaney and he was "fixing to go to Canada." Rose was entirely familiar with the case because he had been investigating the murder for six months. He considered appellant's wife a credible person because he

had interviewed her a number of times in the course of the murder investigation and had found the information she gave him to be true. There is evidence that a magistrate was unavailable at the time of the arrest. The State contends that under these circumstances the warrantless arrest was lawful, relying upon Article 14.04, Vernon's Ann.C.C.P.[1] We need not decide this question because, even if the arrest was without any process or legal right, the confession is not thereby automatically rendered inadmissible. If it is otherwise shown that the confession was voluntary, it is still admissible. Gonzales v. State, 429 S.W.2d 882 (Tex.Cr.App.1968); Lacefield v. State, 412 S.W.2d 906 (Tex.Cr.App. 1967); see also De Leon v. State, 466 S.W.2d 573 (Tex.Cr.App.1971); Davis v. State, 430 S.W.2d 210 (Tex.Cr.App.1968); Pearson v. State, 414 S.W.2d 675 (Tex.Cr. App.1967).

In this case the Court held an extensive voluntariness hearing outside the presence of the jury. Testimony showed that appellant was properly advised of his rights in compliance with Article 38.22, V.A.C.C.P. and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) and waived those rights before he gave the statement.

The trial court found that no threats, coercion, or promises were used to get the appellant to give and sign the statement, and this finding is supported by the evidence. Under these circumstances, the Court properly found that the confession was not coerced, but was voluntary and admissible. Cf. Brookins v. State, 499 S.W. 2d 320 (Tex.Cr.App.1973); Akridge v. State, 493 S.W.2d 928 (Tex.Cr.App.1973).

■ The eighth and ninth grounds of error complain of the admission of his written confession allegedly made while he was intoxicated or suffering from having been intoxicated and that the Court's charge on this matter was too abstract. The Court did not err in admitting the confession and the charge submitted adequately protected the appellant's rights. It reads as follows:

> "So in this case if you find from the evidence, or have a reasonable doubt thereof that prior to the giving of the alleged confession, if any, that the defendant, Allan Wayne Murray, was then and there intoxicated and under the influence of intoxicating liquor, if he was, and because of said intoxication, did not then and there know what he was doing or did not know and realize the nature and effect of his act or acts, if any, at the time of making any confession, if any, then you are instructed that you will disregard any such confession, if any, and consider the same, if any, for no purpose."

■ Appellant contends the following in his third ground of error:

> "The trial court committed error in overruling appellant's motion for instructed verdict in that the prosecution suppressed evidence favorable to the accused which may have had an effect on the outcome of the trial in violation of due process of law as guaranteed him by the Fourteenth Amendment to the Constitution of the United States."

Counsel for appellant has made it clear in his brief and in oral argument that he is not claiming the State suppressed evidence in its possession or in existence. Rather, he says the state destroyed a piece of evidence which could have aided in the preparation of appellant's defense. The evidence was a "TV dinner" container found in a trash can in the apartment of the victim. Appellant argues that the investigating officers, intentionally or through negligence, failed to preserve this evidence.

1. Article 14.04, V.A.C.C.P. reads as follows:
   "Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer may, without warrant, pursue and arrest the accused."

Appellant says he could have used this package to help determine the required cooking time for the food. Combining this with the time the victim arrived home on the day of the murder, and with the amount of time the food had been in the deceased's stomach at the time of death (to which fact the examining physician testified), it could be determined when the deceased was murdered. This, in turn, might have established that death occurred at a time when appellant was already in the company of his wife, strengthening his alibi defense. Despite the fact that the empty container was not available and was not introduced in evidence, appellant's counsel argued before the jury that appellant could not have killed the victim, using a hypothetical cooking time for a TV dinner. Moreover, it was not shown that the victim ate a TV dinner, or the particular TV dinner from the empty container, on the night of the murder. Appellant's third ground of error is overruled.

■ Appellant complains in grounds four and five of two comments made by the prosecutor in his final argument. The prosecutor at one point directed the jury's attention to appellant's confession to his friend Fletcher Bass. Bass had testified the appellant said it was the "wrong time of the month" for the victim, apparently referring to the fact that she was in her menstrual period. The prosecutor continued:

"I don't believe he could have known that had he not been there, because there was no—nothing to indicate that the type of publicity ever was made available to any source at all."

Appellant objects that this comment was outside the record. We disagree. We interpret the comment to mean that there was no evidence that appellant could have known as a fact the deceased was in her period through news media or other sources. This accurately reflects the state of the record, and it did not amount to unsworn testimony by the prosecutor to facts outside the record.

■ It is also said that the prosecutor's characterization of the appellant as "sadistic in the way he operates" was improper personal abuse. In light of the facts that the victim was strangled, and then stabbed and cut more than fifty times with a pocket knife and a butcher knife, we cannot say that the term "sadistic" is so unsupported by the evidence as to constitute a personal attack on the accused. See and compare Archer v. State, 474 S.W.2d 484 (Tex.Cr.App.1971); Easley v. State, 454 S.W.2d 758 (Tex.Cr.App.1970); Morris v. State, 373 S.W.2d 495 (Tex.Cr.App.1963); Lott v. State, 164 Tex.Cr.R. 395, 299 S.W.2d 145 (1957). These two grounds of error are overruled.

■ Appellant's sixth ground of error is that his tennis shoes were illegally obtained without a warrant after his arrest, and should not have been admitted in evidence. As appellant concedes, however, his wife consented to the search of their residence, and he makes no claim her consent was coerced in any way. Indeed, the wife herself retrieved the tennis shoes and gave them to the officers. If there was in fact a search and seizure, it was with the wife's consent, and thus not unlawful. Burge v. State, 443 S.W.2d 720 (Tex.Cr.App.1969) and numerous cases cited therein; see Sorensen v. State, 478 S.W.2d 532 (Tex.Cr.App.1972); Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).

■ Appellant's seventh ground of error is that the Court erred in denying his motion for a change of venue based on alleged widespread prejudicial publicity against appellant. At a pre-trial hearing on the motion, appellant presented one magazine and a number of newspaper articles concerning the murder and appellant's subsequent arrest, as well as three witnesses. The State controverted the motion and

offered the testimony of four witnesses who testified that they were aware of no prejudice against appellant in the community. We further note that the appellant did not show he had exhausted his peremptory challenges, nor that he was forced to accept an objectionable juror. We cannot say that the Court abused its discretion in overruling appellant's motion. See Creel v. State, 493 S.W.2d 814 (Tex.Cr.App. 1973); Morris v. State, 488 S.W.2d 768 (Tex.Cr.App.1973); Bridges v. State, 471 S.W.2d 827 (Tex.Cr.App.1971).

At appellant's insistence his counsel has submitted a final ground of error, namely, that the State suppressed a confession made by someone other than the appellant. We are constrained to agree with appellant's counsel that, since there is no evidence whatever in the record to support this contention, this Court cannot consider it on appeal.

The judgment is affirmed.

Opinion approved by the Court.