

# IN THE
# TENTH COURT OF APPEALS

### No. 10-22-00258-CR

**MARTIN VEGA GUZMAN,**

                                              **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                              **Appellee**

---

**From the 361st District Court**
**Brazos County, Texas**
**Trial Court No. 20-02796-CRF-361**

---

## MEMORANDUM OPINION

---

A jury found Appellant Martin Guzman guilty of the offense of aggravated sexual assault of a child. The jury assessed Guzman's punishment at twenty-eight years' confinement in the penitentiary, and the trial court sentenced him accordingly. This appeal ensued. We affirm.

### Sufficiency of the Evidence

In his first issue, Guzman argues that the evidence was legally and factually insufficient to convict him of the offense of aggravated sexual assault of a child.

The Court of Criminal Appeals has defined our standard of review of a sufficiency issue as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (citing *Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.
>
> We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately

describes the particular offense for which the defendant was tried." *Id.*; *see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732–33 (Tex. Crim. App. 2018).

Guzman asks this Court to expand the foregoing existing sufficiency standard to once again include factual sufficiency as set forth in *Clewis v. State,* 922 S.W.2d 126 (Tex. Crim. App. 1996), *overruled by Brooks*, 323 S.W.3d at 912. This Court has repeatedly considered and rejected the arguments presented by Guzman to expand existing law. *See Holloway v. State*, 621 S.W.3d 753, 761 (Tex. App.—Waco 2020, no pet.) (citing several opinions in which this Court and other intermediate appellate courts have rejected similar factual-sufficiency arguments). As an intermediate appellate court, we lack authority to overrule an opinion of the Court of Criminal Appeals. *See State v. DeLay*, 208 S.W.3d 603, 607 (Tex. App.—Austin 2006), aff'd sub nom. *State v. Colyandro*, 233 S.W.3d 870 (Tex. Crim. App. 2007). Therefore, we are not persuaded by Guzman's factual-sufficiency argument. We will apply only the existing sufficiency standard here.

As limited by the indictment, a person commits the offense of aggravated sexual assault of a child if the person intentionally or knowingly causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor, and the victim is younger than fourteen years of age, regardless of whether the person knows the age of the victim at the time of the offense. TEX. PENAL CODE ANN. § 22.021.

DISCUSSION

Here, the victim, L.M., testified that around March or April of 2019, Guzman, her stepfather, would come into her room at night and check to see if she was awake and that she would pretend to still be asleep. He would then move her shorts to the side and put his mouth on her vagina. She testified that this happened on multiple occasions over the course of a few weeks before she told a friend at school who encouraged her to report it. L.M. stated that at the time of these incidents she was thirteen years old. A conviction for aggravated sexual assault of a child is supportable on the uncorroborated testimony of the victim of the offense if she was seventeen years of age or younger at the time of the offense. TEX. CODE CRIM. PROC. ANN. art. 38.07. Since L.M.'s testimony supported each element of aggravated sexual assault of a child, the evidence in this case was sufficient to support the jury's guilty verdict.

Guzman argues that we should disregard certain evidence and testimony based on perceived credibility issues. Guzman contends that L.M. lied about the allegations due to animosity towards him and that the allegations are "simply incredible and def[y] credulity." In support of this assertion, he points to testimony that L.M.'s younger sister was in the bunk bed above her during the abuse and that L.M.'s mother was a light sleeper. Guzman argues that either L.M.'s sister or mother would therefore have woken up, thus preventing him from carrying out the abuse in the manner L.M. described. Guzman also asserts that L.M. contradicted herself and was contradicted by the testimony of other witnesses. As factfinder, the jury is the sole judge of the witnesses' credibility and the weight to be afforded to their testimony. *See Brooks*, 323 S.W.3d at 899.

Guzman v. State                                                                                          Page 4

Our role is to determine whether a jury is rationally justified in finding guilt beyond a reasonable doubt when viewing the evidence in the light most favorable to the verdict. *See Brooks*, 323 S.W.3d at 902. We presume that the factfinder resolved any conflicts in the evidence in favor of the verdict, and we defer to that determination. *See Jackson*, 443 U.S. at 326. Nothing in the record suggests the jury was not rationally justified in finding L.M.'s testimony reliable. Therefore, we will not supplant the jury's verdict with our own evaluation of the credibility or weight to be afforded to the evidence.

We overrule Guzman's first issue.

### Ineffective Assistance of Counsel

In his second issue, Guzman argues that he was denied effective assistance of counsel because his attorney failed to object to the prosecutor's comments during punishment argument that Guzman was a "wolf in sheep's clothing."

AUTHORITY

The Sixth Amendment to the United States Constitution, and section ten of Article 1 of the Texas Constitution, guarantee individuals the right to assistance of counsel in a criminal prosecution. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). The right to counsel necessarily requires the right to effective assistance, not just the mere presence of a lawyer. *Id.* However, the right does not provide a right to errorless counsel, but rather to objectively reasonable representation. *Id.*

To prevail on a claim of ineffective assistance of counsel, an appellant must meet the two-pronged test established by the U.S. Supreme Court in *Strickland v. Washington*,

466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). *Hernandez v. State*, 726 S.W.2d 53, 55–56 (Tex. Crim. App. 1986) (adopting the two-pronged test set forth in *Strickland*). An appellant must show that (1) counsel's representation fell below an objective standard of reasonableness and (2) the deficient performance prejudiced the defense such that there is a reasonable probability that the result of the proceeding would have been different. *Lopez*, 343 S.W.3d at 142; *Hernandez*, 726 S.W.2d at 55. In assessing effective assistance of counsel, we must review the totality of the representation and the circumstances of each case without the benefit of hindsight. *Lopez*, 343 S.W. 3d at 142–43. While a single error will not typically result in a finding of ineffective assistance of counsel, an egregious error may satisfy the *Strickland* prongs on its own. *Id.* at 143.

Permissible jury argument is normally limited to (1) summation of the evidence, (2) reasonable deductions from the evidence, (3) answers or responses to argument of opposing counsel, and (4) pleas for law enforcement. *Dinkins v. State*, 894 S.W.2d 330, 357 (Tex. Crim. App. 1995). A prosecutor may freely draw inferences from the evidence if they are reasonable, fair, legitimate, and offered in good faith. *Gaddis v. State*, 753 S.W.2d 396, 398 (Tex.Crim.App.1988). Dramatic epithets may be used against a defendant during closing arguments as proper deductions based upon the evidence and nature of the crime. *Ponce v. State*, 89 S.W. 3d 110, 121 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.); *see McKay v. State*, 707 S.W.2d 23, 37 (Tex. Crim. App. 1985) (referring to defendant as a "wolf"); *Murray v. State*, 505 S.W.2d 589, 593 (Tex. Crim. App. 1974) (referring to defendant as "sadistic in the way he operates"); *Easley v. State*, 454 S.W.2d 758, 761 (Tex. Crim. App. 1970) (referring to defendant as a "savage" during punishment argument);

*Lott v. State*, 164 Tex. Crim. 395, 397, 299 S.W.2d 145, 147 (1957) (referring to defendant as a "butcher"). The failure to object to argument that is not improper does not constitute ineffective assistance of counsel. *Davis v. State*, 830 S.W.2d 762, 766 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd).

DISCUSSION

We first look at whether counsel's representation of Guzman fell below an objective standard of reasonableness. *See Lopez*, 343 S.W.3d at 142.

During the guilt-innocence phase of trial, L.M. testified as part of the State's case-in-chief. L.M. started her testimony by describing her family life, including her relationship with her stepfather, Guzman. She explained that Guzman had been a part of her life from the time she was about five years old until she was thirteen years old. She repeatedly referred to seeing Guzman as a father figure and calling him "dad." She reiterated these feelings during the State's punishment case-in-chief, saying, "Before this happened I saw him as a father. I loved him as a father. He was my father figure." Additionally, during Guzman's punishment case-in-chief, many of his family members testified that they never had any concerns with Guzman being around their children and that these allegations surprised them and were inconsistent with who they knew Guzman to be.

> During the first part of its punishment argument, the State then argued:
>
> [These events] happen behind closed doors. They happen when the wolf in sheep's clothing appears from nowhere, when an unsuspecting mother gives a man access to her daughter, when that daughter or those daughters look to that man as a father figure and begin to call him dad.

> That is what we already know about this defendant and only you can stop it from happening again.

In its rebuttal punishment argument, the State then referred to its previous argument: "[The other prosecutor] came up here and he talked to you about a wolf in sheep's clothing. This is not a crime where you can see it on a person. No one has tattooed on their head, I touch little girls, right? We can't see it in your appearance."

Guzman argues that the State's use of the phrase "wolf in sheep's clothing" rose to the level of prosecutorial misconduct, thus making it unreasonable for counsel to have failed to object to it at trial. However, the evidence in both phases of the trial established that Guzman represented a father figure or role model to many children in his life and that his family trusted him to be around their children. Therefore, we cannot say that the phrase "wolf in sheep's clothing" is so unsupported by the evidence as to constitute a personal attack on the accused. *See Murray,* 505 S.W.2d at 589. Furthermore, considering the facts of this case and the context in which the argument was made, we conclude that the phrase was a proper summation of the evidence. *See McKay*, 707 S.W. 2d at 37. We thus conclude that the failure to object to the argument did not cause counsel's representation of Guzman to fall below an objective standard of reasonableness. *See Lopez*, 343 S.W.3d at 142. Moreover, because Guzman failed to meet his burden on the first prong of *Strickland*, we need not consider the requirements of the second prong. *See id.*

We overrule Guzman's second issue.

## Conclusion

Having overruled Guzman's issues, we affirm the trial court's judgment.


MATT JOHNSON
Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Affirmed
Opinion delivered and filed January 11, 2024
Do not publish
[CRPM]

