**Charles RAMSEY and Kenneth Weeks, Appellants,**

v.

**JONES ENTERPRISES, Appellee.**

**No. 09–90–071 CV.**

Court of Appeals of Texas, Beaumont.

June 20, 1991.

As Corrected Aug. 14, 1991.

Charles R. Mitchell, San Augustine, William H. Vidor, Tonahill, Hile, Leister & Jacobellis, Jasper, for appellants.

T. Alan Hart, Jasper, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

WALKER, Chief Justice.

This appeal comes to us as a result of judgment rendered by the 1–A District Court of Newton County, Texas. Trial was before a jury which awarded appellee title to land and damages for loss of timber.

Judgment was signed February 2, 1990 and Motion for New Trial was denied March 14, 1990. Appeal has been duly perfected to this Court. Factually, on August 16, 1987 appellant Ramsey, by deed from Elmer Simmons, obtained 22 acres of land out of the James Lewis Survey in Newton County, Texas. This deed was filed of record on September 8, 1987. Appellant Ramsey contacted appellant Kenneth Weeks, a logging contractor, to cut the timber on the tract showing him the deed from Elmer Simmons to Ramsey. Later on Ramsey conveyed a timber deed to Weeks which was also filed of record.

Appellant Weeks cut the timber on the property covered by the referenced deed without getting a title opinion. Appellee Jones Enterprises subsequently learned that this particular tract of land had been cut and sought to contact appellant Weeks. Being unsuccessful in this effort, appellee wrote a letter to Weeks on September 14, 1987 claiming ownership to the timber and the property. Appellant Weeks later contacted appellee Jones on September 22, 1987 and informed appellee that he, Weeks, had purchased the timber from appellant Ramsey upon being shown a deed.

This case was tried before a jury which awarded appellee Jones all its requested relief with the exception of exemplary damages.

At trial, appellee attempted to prove superior title to the tract in question based solely upon the testimony of an expert witness, Mr. Gary Gatlin, attorney. Counsel for appellants objected to Mr. Gatlin's testimony on the grounds that proper predicate had not been laid for such testimony and that the best evidence of title would exist in the deeds themselves. Other than the opinion testimony of Mr. Gatlin, there was never any documentary evidence of title admitted before the jury which established title in appellee. The only documents of title admitted into evidence at trial were the Warranty Deed from Elmer Simmons to Charles Ramsey and the Timber Deed from Charles Ramsey to Kenneth Weeks.

At the close of appellants' case-in-chief, appellants moved for directed verdict, same being overruled by the trial court. This Motion for Directed Verdict was re-urged orally by counsel for appellant Ramsey which was also overruled. On January 16, 1990 prior to entry of judgment, appellants filed a joint Motion for Judgment Notwithstanding the Verdict. All motions were overruled by the trial court. Appellants bring five points of error to this Court; however, we see no need in addressing appellants' points of error three, four and five and shall limit our address to points of error one and two.

Point of error number two contends that the trial court erred in allowing expert testimony regarding sufficiency of title without actual documents of title being before the court and the jury.

The trial court, over the objections of appellants allowed the testimony of Mr. Gary Gatlin, a title examiner, as to the sufficiency of Jones' title to the land in question. Appellants do not, nor does this Court, question the qualifications of Mr. Gatlin as an expert witness. Appellee, in his brief, states the crucial issue before this Appellate Court; i.e., whether or not a plaintiff, in a trespass to try title case, can prove title by expert opinion alone.

Appellee presents two theories of argument to this Court. First, that Rules 702, 703, and 704 of the TEX.R.CIV.EVID. allow expert testimony and opinion to fill the gap created through the failure or refusal to produce written documents proving up chain of title in trespass to try title cases. Second, appellee contends that Rule 1002 of the TEX.R.CIV.EVID., sometimes referred to as the "Best Evidence Rule", is inapplicable since Rule 704 allows an expert to form an opinion embracing the ultimate issue to be decided in the case.

We hold that the trial court erred in allowing appellee to prove up title, in a trespass to try title action, by nothing more than the oral expert testimony of an attorney.

"Parole evidence in the form of opinions and conclusions without documentary basis is inadmissible to establish such title, and even if admitted without objection is of no probative force." *City of Mission v. Popplewell,* 156 Tex. 269, 294 S.W.2d 712 (Tex. 1956).

Recorded testimony shows that in 1984 appellee Jones began to negotiate purchase of a tract of land located in abstract 277 of the James Lewis Survey. Appellee wanted this parcel of land because it adjoined a tract already owned by appellee. Appellee had been buying and selling timber and land for thirty years and always checked title to the land. Appellee had been on the subject tract of land before and engaged in negotiations to purchase same while actually on the land.

The expert witness, Mr. Gary Gatlin, was contacted to do the necessary legal work and to issue a title policy to appellee. The title policy was issued.

From this foregoing evidence we are at a loss to understand why appellee chose not to produce the documentary evidence to establish title as opposed to mere oral testimony. Our task, however, is not to guess but to rule.

Appellee's total reliance upon Rules 702, 703 and 704 of the TEX.R.CIV.EVID. is misplaced as is appellee's position that Rule 1002, sometimes referred to as the "Best Evidence Rule", TEX.R.CIV.EVID. is inapplicable.

The substantive action in trespass to try title is specifically provided by statute. TEX.PROP.CODE ANN. ch. 22 (Vernon 1984). Section 22.002 of chapter 22 sets out what we perceive to be the minimum requirement to maintain a trespass to try title action. "A headright certificate, land script, bounty warrant, or other evidence of legal right to located and surveyed land is sufficient to maintain a trespass to try title action ..." TEX.PROP.CODE ANN. § 22.002 (Vernon 1984).

The procedural requisites in trespass to try title are specifically set forth in TEX.R. CIV.P. 783 through 809. Interestingly, TEX. R.CIV.P. 791 provides for the demanding of an abstract of title by either party; we quote:

"After answer filed, either party may, by notice in writing, duly served on the opposite party or his attorney of record, not less than ten days before the trial of the cause, demand an abstract in writing of the claim or title to the premises in question upon which he relies."

Appellee takes the position that since appellant failed to timely demand an abstract as permissively authorized by TEX.R. CIV.P. 791, that such failure now allows appellee to prove its case by oral testimony only. Appellee further says that appellant was on notice that appellee intended to rely on expert testimony and having this knowledge, failed to depose appellee's expert.

■ We find no merit in these arguments. Appellee, Jones Enterprises, as plaintiff, had the burden of proving that title resided in plaintiff. To recover in trespass to try title, plaintiff must recover on the strength of his own title and not on the weakness of defendant's title, and may recover by proving: a regular chain of conveyances from the sovereign; superior title out of common source; title by limitation; or prior possession that has not been abandoned. *Land v. Turner*, 377 S.W.2d 181 (Tex.1964); *Hancock v. Booker*, 608 S.W.2d 811 (Tex.Civ.App.—Waco 1980, ref'd n.r.e.); *Jeffus v. Coon*, 484 S.W.2d 949 (Tex.Civ.App.—Tyler 1972, no writ); *Oswald v. Staton*, 421 S.W.2d 174 (Tex.Civ. App.—Waco 1967, ref. n.r.e.).

Appellee has failed in that burden in that appellee has come forward with no evidence that title resided in appellee. We cannot and do not consider the hearsay oral testimony of appellee's expert as any evidence whatsoever regarding the issue of title. Other than this hearsay testimony, our record is void of evidence supporting appellee's trespass to try title action.

■ Appellee's contention that TEX.R. CIV.EVID. 1002 is inapplicable must also fail. In actions where title to property is the ultimate issue for determination, proof of such title must be shown by the instruments of title themselves. Appellee's expert gave hearsay testimony as to the existence and content of documents in writing, but such documents were never produced and admitted into evidence. This is precisely what TEX.R.CIV.EVID. 1002 was adopted to prevent. The best evidence of the content of documents is the documents themselves. The trial court erred in admitting hearsay testimony to prove up the content of documents without a proper showing that the subject documents were unavailable through no fault or failure on the part of the party offering same. *Gillum v. Temple*, 546 S.W.2d 361 (Tex.Civ. App.—Corpus Christi 1976, writ ref'd n.r. e.).

It is the opinion and holding of this Court that in trespass to try title actions where documents pertaining to title exist, that testimony of an expert witness standing alone, constitutes no evidence of titles. We further hold that in trespass to try title actions, Rules 702, 703 nor 704 TEX.R.CIV. EVID. do not excuse the necessity for the production and admission of documentary evidence regarding title to real property. We also hold that in trespass to try title actions, Rule 1002 TEX.R.CIV.EVID. requires that if documentary evidence exist as to title to to real property, that such documentary evidence must be produced and admitted.

Legal history as well as public policy requires that proof in trespass to try title actions be as certain as available documentary evidence will allow. Establishing legal or equitable interest or title to real property demands far more than a swearing match among witnesses, whether expert or otherwise. It demands strict proof based in records and documents.

We sustain appellants' points of error one and two and hold that the trial court erred in failing to direct a verdict in favor of appellant, holding as a matter of law that appellee presented no evidence which would show title in appellee.

Appellee, as plaintiff below, having failed in its affirmative burden to show its right of recovery upon the strength of its own title, must now suffer the rendition of judgment in favor of appellant Ramsey without necessity of determining the validity of appellant Ramsey's title. *Trevino v. Munoz,*

583 S.W.2d 840 (Tex.Civ.App.—San Antonio 1979, no writ).

The only documents of title before the trial court and the jury was a warranty deed from Elmer Simmons to appellant Ramsey and a timber deed from appellant Ramsey to appellant Weeks. These deeds constitute hard evidence of possession and the right to possession by Ramsey. This evidence also shows appellant Week's rights to possession of the timber by timber deed.

██ In trespass to try title actions where defendant is shown to be in possession, judgment will be entered for defendant where plaintiff has failed in its burden of proving prima facie right to title and possession. *Tate v. Johnson,* 140 S.W.2d 288 (Tex.Civ.App.—Waco 1940, error dismissed, judgment correct).

We, therefore, reverse the judgment of the trial court in its entirety and in accordance with TEX.R.APP.P. 81(c) render judgment that title to the following real property be established in appellant Charles Ramsey as against appellee:

ALL that certain tract of land lying and being situated in Newton County, Texas, being a part of the James Lewis Survey, Abstract No. 227 and described as follows:

BEING twenty-two (22) acres of land, more or less, and being out of a 60 acre tract out of said James Lewis Survey, described as follows to-wit:

BEGINNING at the Northwest corner of said 22 acre tract in the North line of Lewis Survey, corner being marked by a pine stake, same being the Northeast corner of a tract owned by C.S. Jones.

THENCE North 82 degrees East along the North line at 242 vrs. to a stake for the Northeast corner.

THENCE South along the East line with a fence at 245 vrs. to a stake on the North bank of Cat Creek.

THENCE Southeast along said creek to a stake for corner in a fence line.

THENCE South 6 degrees West, cross Cat Creek 246 vrs. A stake for the Southeast corner of said 22 acre tract

and the Southwest corner of the John Cade 40 acre tract.

THENCE North 89 degrees West along a fence to a stake for the Southwest corner.

THENCE North along the West line with a fence at 588 vrs. to the place of beginning and described in the Deed Records of Newton, County, Texas in Volume 347, at pages 171 and 172, and in other Deed Records of said County.

Appellants' points of error three, four and five require no address in that so doing would be redundant.

REVERSED AND RENDERED.