PD-0246-15 & PD-0247-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 4/6/2015 2:25:23 PM
Accepted 4/13/2015 3:27:29 PM
ABEL ACOSTA
CLERK

**NO. PD-0246-15**
**NO. PD-0247-15**

**IN THE**
**COURT OF CRIMINAL APPEALS**
**OF TEXAS**
**AT AUSTIN**

---

**VALENTIN JUNIOR HERNANDEZ,**
**Appellant**

**v.**

**THE STATE OF TEXAS,**
**Appellee**

---

*On appeal in Cause Nos. F12-61625-H & F12-61626-H*
*from the Criminal District Court No. 1*
*Of Dallas County, Texas*
*And on Petition for Discretionary Review from*
*the Fifth District of Texas at Dallas*
*In Cause Nos. 05-13-00478-CR & 05-13-00479-CR*

---

**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

---

*Counsel of Record:*

**Lynn Richardson**          **Nanette Hendrickson**
**Chief Public Defender**    **Assistant Public Defender**
                             Dallas County Public Defender's Office
**Katherine A. Drew**        State Bar Number:  24081423
**Chief, Appellate Division** 133 N. Riverfront Blvd., LB 2
                             Dallas, Texas 75207-399
                             (214) 653-3550 (*telephone*)
                             (214) 653-3539 (*fax*)

ATTORNEYS FOR PETITIONER/APPELLANT

# LIST OF PARTIES

**TRIAL COURT JUDGE**
Robert Burns, Presiding Judge

**APPELLEE**
Valentin Junior Hernandez

**APPELLEE'S ATTORNEYS**
**AT TRIAL**
Stanley Mays
2214 Main St.
Dallas, TX  75202

**ON APPEAL**
Nanette Hendrickson, State Bar No. 24081423
Assistant Public Defender
Dallas County Public Defender's Office
133 N. Riverfront Blvd., LB 2
Dallas, Texas  75207-4399

**STATE'S ATTORNEYS**
**AT TRIAL**
Leah Thomson, State Bar No.  24036177
Brandi L. Wade, State Bar No. 24065835

**ON APPEAL**
Anne B. Wetherholt, State Bar No. 21235300
Assistant District Attorney
Dallas County District Attorney's Office
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB-19
Dallas, Texas  75207-4399

# TABLE OF CONTENTS

LIST OF PARTIES.................................................................................................. ii

INDEX OF AUTHORITIES ..................................................................................iv

STATEMENT REGARDING ORAL ARGUMENT ................................................1

STATEMENT OF THE CASE ................................................................................1

STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE ....................2

STATEMENT OF FACTS ......................................................................................2

GROUND FOR REVIEW ......................................................................................2

       Whether the Court of Appeals erred in holding that the best
       evidence rule does not apply to testimony regarding the contents of
       a document..................................................................................................2

ARGUMENT ..........................................................................................................2

       FACTS.........................................................................................................3

       APPLICABLE LAW ...................................................................................4

       THE COURT OF APPEALS' HOLDING IS INCORRECT ........................5

       CONCLUSION ...........................................................................................9

PRAYER FOR RELIEF .........................................................................................9

CERTIFICATE OF SERVICE................................................................................9

CERTIFICATE OF COMPLIANCE.....................................................................10

# INDEX OF AUTHORITIES

**Cases**

*Ali v. State*,
26 S.W.3d 82 (Tex. App.—Waco 2000, no pet.)..............................................7

*Englund v. State*,
946 S.W.2d 64 (Tex. Crim. App. 1997)................................................. 4, 5, 6

*Hernandez v. State*,
No. 05-13-00478-CR & 05-13-00479-CR, 2014 Tex. App. LEXIS 996 (Tex.
App.—Dallas October 22, 2014)....................................................... 2, 6, 7, 8

*Overton v. State*,
490 S.W.2d 556 (Tex. Crim. App. 1973)...................................................3, 4

*Ramsey v. Jones Enterprises*,
810 S.W.2d 902 (Tex. App.—Beaumont 1991) ..............................................5

*Sharp v. State*,
707 S.W.2d 611 (Tex. Crim. App. 1986)......................................................6, 7

**Other Authorities**

Weinstein, J. B., Berger, M. A., and McLaughlin, J.M. Weinstein's Evidence
Manual. 2nd Ed. Chicago: M. Bender, 1995. 1002. Print................................5

**Rules**

TEX. R. APP. P. 68.4 (i) ................................................................................2

TEX. R. EVID. 1002.......................................................................................4

**TO THE HONORABLE COURT OF CRIMINAL APPEALS:**

Valentin Junior Hernandez, Appellant, respectfully presents to this Honorable Court his Petition for Discretionary Review of the Fifth District Court of Appeals' Opinion affirming the trial court's judgment.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant requests oral argument because this case presents a question of law on issues having statewide impact and possible reoccurrence. Oral argument may be helpful to the members of this Court in the resolution of the issues presented.

## STATEMENT OF THE CASE

Appellant was charged by indictment with the offense of aggravated robbery with a deadly weapon in each case. (CR1: 16; CR2: 161). Appellant pled not guilty to the charges in the indictments. (RR2: 6). A trial was held before a jury, and the jury found Appellant guilty of the offenses. (RR3: 162). After a hearing on punishment, the jury assessed punishment at fifteen years to serve on trial case number F12-61626 and twenty years to serve on trial case number F12-61625. (RR4: 121). The trial court ordered both cases to run concurrent to each other. (RR4: 121). Judgment was entered by the trial court on April 3, 2013. (CR1: 42; CR2: 38). Notice of appeal was timely filed. (CR1: 43; CR2: 47).

1

## STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE

On February 3, 2015, in an unpublished opinion authored by Justice Bridges, the Court of Appeals for the Fifth District of Texas affirmed the trial court's judgment. *Hernandez v. State*, No. 05-13-00478-CR & 05-13-00479-CR, 2014 Tex. App. LEXIS 996, * 11 (Tex. App.—Dallas October 22, 2014). This Court granted an extension of time to file a Petition for Discretionary Review, which is timely if filed on or before April 6, 2015.

## STATEMENT OF FACTS

The facts of this case, which are extensive, are adequately recited in the Court of Appeal's opinion, which is attached to this Petition as required by Tex. R. App. P. 68.4 (i).

Suffice it to say that Appellant was charged with and convicted of aggravated robbery with a deadly weapon in two separate cases. (CR1: 42; CR2: 38; RR3: 162).

## GROUND FOR REVIEW

**Whether the Court of Appeals erred in holding that the best evidence rule does not apply to testimony regarding the contents of a document.**

## ARGUMENT

The Court of Appeals incorrectly applied the standard that "the [best evidence] rule applies only where the purpose of the offered evidence is to

2

prove the contents of the document." *Overton v. State*, 490 S.W.2d 556, 559 (Tex. Crim. App. 1973).

**FACTS**

Officer Cory Cook testified to his prior contacts with Appellant during the punishment phase of the trial. (RR4: 22-31). Cook testified that he knew Appellant as a child, but before he started committing crimes. (RR4: 28). Otherwise, Cook's only other interaction with Appellant was during an investigation into an aggravated assault Appellant in which Appellant was a suspect. (RR4: 24). Cook interviewed Appellant, but could not recall if Appellant claimed any particular gang membership at that time. (RR4: 24).

Cook testified that the Carrollton Police Department kept gang cards regarding prior contacts with gang members. (RR4: 24, 28). Cook also testified that the Carrollton Police Department had gang cards relating to Appellant and his activities. (RR4: 28). Cook did not state that he was the custodian of the records, and the gang cards were not admitted as business records. (RR4: *passim*). Appellant objected to Cook testifying to the content of the cards based on the best evidence rule. (RR4: 29). The trial court overruled the objection. (RR4: 29). The gang cards were not produced for inspection nor were they admitted during the trial. (RR4: *passim*). Furthermore, Appellant's trial counsel stated that he had not seen them.

3

(RR4: 29). Over Appellant's objection, Cook testified, from memory, that the gang cards stated Appellant had contact with the Carrollton Police for fighting, proclaiming he was a gang member, and intimidating his neighborhood as part of a gang. (RR4: 29-30).

**APPLICABLE LAW**

The best evidence rule states that to "prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required" except where allowed under the law. TEX. R. EVID. 1002. The rule is applicable where the proposed evidence is needed to prove the contents of the item. *Overton v. State*, 490 S.W.2d 556, 559 (Tex. Crim. App. 1973).

*Englund v. State* provides the initial purpose behind the best evidence rule:

> First, we review the rationale for the common-law rule on which Rule 1002 was based.
>
> "Four somewhat overlapping reasons have been advanced to justify a rule preferring production of the original:
>
> (1) The nature of documents is often such that the exact words are "of more than average importance, particularly in the case of operative or dispositive instruments . . . where a slight variation of words may mean a great difference in rights".
>
> (2) Secondary evidence -- whether parol testimony or copies -- is susceptible to both human and mechanical error. The rule, therefore, enhances the probability of accuracy.

4

*(3) The rule promotes the prevention of fraud because it allows the parties to examine documents for any defects or alterations, and it dampens any desire to color testimony as to the contents of documents, since any testimony is subject to immediate corroboration.*

(4) The appearance of the original may furnish information as to its authenticity and significance that may be lacking in a copy, such as handwriting, paper and the like."

*Englund v. State*, 946 S.W.2d 64 (Tex. Crim. App. 1997)(emphasis added),

(*quoting* J. Weinstein, M. Berger & J. McLaughlin, Weinstein's Evidence P

1002 (1995)).

The Beaumont Court of Appeals held it was error to allow a witness

to testify regarding the content of documents regarding title to real property.

Appellee's expert gave hearsay testimony as to the existence and content of documents in writing, but such documents were never produced and admitted into evidence. This is precisely what TEX. R. CIV. EVID. 1002 was adopted to prevent. The best evidence of the content of documents is the documents themselves. The trial court erred in admitting hearsay testimony to prove up the content of documents without a proper showing that the subject documents were unavailable through no fault or failure on the part of the party offering same.

*Ramsey v. Jones Enterprises*, 810 S.W.2d 902 (Tex. App.—Beaumont 1991).

**THE COURT OF APPEALS' HOLDING IS INCORRECT**

The Court of Appeals' decision is in conflict with the holding of this

Court and other Courts of Appeals.

The case at bar demonstrates the exact purpose for the best evidence rule, as stated in *Englund*.

> "(3) *The rule promotes the prevention of fraud because it allows the parties to examine documents for any defects or alterations, and it dampens any desire to color testimony as to the contents of documents, since any testimony is subject to immediate corroboration.*"

*Englund*, 946 S.W.2d 64 (Tex. Crim. App. 1997) (emphasis added). This Court has ruled that the best evidence rule prevents a witness from misrepresenting the content of a document while testifying because the parties can inspect the document and impeach the testimony, if needed. The best evidence rule was pertinent in the case at bar since it would have ensured the veracity of Officer Cook's testimony and allowed defense counsel to impeach him if the gang cards were present. Since Officer Cook's testimony was elicited to prove the contents of the gang cards, the best evidence rule was applicable in Appellant's case.

Furthermore, in its opinion, the Court of Appeals stated that the "best evidence rule does not apply when the item in question is not admitted into evidence to prove its contents." *Hernandez*, 05-13-00479-CR, 2015 Tex. App. LEXIS 996, at *3 (*quoting Sharp v. State*, 707 S.W.2d 611, 618 (Tex. Crim. App. 1986)). In *Sharp*, the issue was whether the trial court erred by allowing the prosecutor to question the witness using a transcript of a tape

recording as opposed to the actual recording itself. *Id*. Both items of evidence were present at trial and the State did not oppose using the tape. *Id*. Therefore, the Court of Criminal Appeals ruled that since neither item was admitted as evidence, the best evidence rule did not apply. *Id*. Additionally, the Court ruled the best evidence rule only applied to documents, not tape recordings. *Id*.

*Sharp* differs from the case at bar because the gang cards were not present during the hearing; therefore, they could not be entered as evidence. Even if they were present, the trial court overruled Appellant's objection. As such, the State did not seek to admit them as evidence. Furthermore, the evidence in *Sharp* was not documentary evidence whereas it was in the present case. *Id*.

The Court of Appeals in its opinion also cited *Ali v. State* as holding that "the best evidence rule does not apply if the document and contents in question are only collaterally related to the issues in the case." *Hernandez*, 05-13-00479-CR, 2015 Tex. App. LEXIS 996, at *3-4 (*quoting Ali v. State*, 26 S.W.3d 82, 88 (Tex. App.—Waco 2000, no pet.)). However, the gang cards were not collateral to Appellant's case. During the trial on punishment, the State was asking Officer Cook about his knowledge regarding Appellant's gang status. The State specifically asked if he knew Appellant

7

was in a gang based on his knowledge of Appellant as a child and during Cook's time as an officer. Cook specifically said that Appellant was not in trouble as a child. (RR4: 28). Cook also investigated Appellant as a suspect in a prior offense. (RR4: 23-4). When specifically asked by the State about his claimed gang status at that time, Cook stated he could not recall if Appellant told him during the investigation if he was in a gang or not. (RR4: 24).

The State then asked Cook about the content of the gang cards regarding Appellant's gang status. (RR4: 24, 28). In that regard, the State asked Cook, "Based on his gang card, what types of contacts has he had with the gang unit?" (RR4: 29). Contrary to the Court of Appeal's opinion which stated this only provided "background relating to the ascertainment of appellant's gang affiliation," this question specifically references Appellant's gang affiliation, the exact issue the State had been asking about during the entirety of Officer Cook's testimony. *Hernandez*, 05-13-00479-CR, 2015 Tex. App. LEXIS 996, at *7. Therefore, the gang card content was not collateral, but the exact issue the State sought to prove through Cook's testimony.

**CONCLUSION**

The Court of Appeals' decision to affirm the trial court's ruling is contradictory to the rulings of this Court. This Court should grant discretionary review to resolve this discrepancy between the Court of Appeals' ruling and the ruling of this Court.

**PRAYER FOR RELIEF**

For the reasons herein alleged, Appellant prays this Court grant this petition and, upon reviewing the judgment entered below, remand the case for a new trial.

Respectfully submitted,

Lynn Richardson
Chief Public Defender


/s/ *Nanette Hendrickson*
Nanette Hendrickson
Assistant Public Defender
State Bar No. 24081423

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of April, 2015, a true copy of the foregoing petition for discretionary review was served on Anne B. Wetherholt, Assistant District Attorney, Dallas County Criminal District Attorney's Office, 133 N. Riverfront Blvd., LB-19, 10th Floor, Dallas, Texas, 75207, by electronic delivery at DCDAAppeals@dallascounty.org and hand delivery; and was also served on, Lisa C. McMinn, State Prosecuting Attorney, P.O. Box 13046, Austin, Texas, 78711 by electronic delivery and by depositing same in the United States Mail, Postage Prepaid.

/s/ *Nanette Hendrickson*
Nanette Hendrickson

9

# **CERTIFICATE OF COMPLIANCE**

I certify that the foregoing Petition for Discretionary Review contains 2,376 words.

/s/ *Nanette Hendrickson*

Nanette Hendrickson

# APPENDIX

Lexis Advance®
## Research

## Document: Hernandez v. State, 2015 Tex. App. LEXIS 996

# Hernandez v. State, 2015 Tex. App. LEXIS 996

Copy Citation

Court of Appeals of Texas, Fifth District, Dallas

February 3, 2015, Opinion Filed

No. 05-13-00478-CR, No. **05-13-00479-CR**

**Reporter**

**2015 Tex. App. LEXIS 996**

**Notice:** PLEASE CONSULT THE TEXAS RULES OF
APPELLATE PROCEDURE FOR CITATION OF
UNPUBLISHED OPINIONS.

**Prior History:** **[1]** On Appeal from the Criminal
District Court No. 1, Dallas County, Texas. Trial
Court Cause Nos. F-1261625-H & F-1261626-H.

## Core Terms

gang, cards, best evidence rule, trial court,
robbery, aggravated, admitting, contacts, gang
member, gang unit, contents, assault, probation

## Case Summary

### Overview

HOLDINGS: [1]-The detective's testimony clearly demonstrated that he had known defendant and his family since defendant was a child, and his knowledge of defendant's gang affiliation was not based strictly on the police department's gang cards; [2]-Neither party considered the specific content of the gang cards to be important because the State did not attempt to admit the gang cards into evidence, and defense counsel did not ask to see the cards or request that they be produced.

### Outcome

Judgments affirmed.

## ▼ LexisNexis® Headnotes

Criminal Law & Procedure > ... >
Standards of Review ▾ >
Abuse of Discretion ▾ > Evidence ▾

*HN1*⬇ The appellate court reviews a trial court's ruling on the admission of evidence under an abuse-of-discretion standard of review. Under that standard, a trial court's ruling will only be deemed an abuse of

discretion if it is so clearly wrong as to lie outside the zone of reasonable disagreement. The trial court's ruling will be upheld if the trial court's decision is reasonably supported by the record and is correct under any theory of law applicable to the case. *Shepardize* - Narrow by this Headnote

Evidence > Types of Evidence ▾ > Documentary Evidence ▾ > Best Evidence Rule ▾

**HN2**⬇ The best evidence rule provides: to prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required except as otherwise provided in these rules or by law, Tex. R. Evid. 1002. The best evidence rule rests on the fact that a document is a more reliable, complete, and accurate source of information as to its contents and meaning than anyone's description. However, the best evidence rule does not apply when the item in question is not admitted into evidence to prove its contents. Further, the best evidence rule does not apply when the document and its contents are only collaterally related to the issues in the case. *Shepardize* - Narrow by this Headnote

**Counsel:** For Appellants: Nanette Hendrickson, Dallas, TX.

For Appellees: Anne Wetherholt ▾, Dallas, TX.

**Judges:** Before Justices Bridges ▾, Francis ▾, and Myers ▾. Opinion by Justice Bridges ▾.

**Opinion by:** DAVID L. BRIDGES ▾

# Opinion

**MEMORANDUM OPINION**

Opinion by Justice Bridges ▾

Appellant Valentin **Hernandez** was charged in two separate causes with aggravated robbery with a deadly weapon. Appellant pleaded not guilty, and the jury found him guilty as charged. In cause no. F12-61625, the jury assessed punishment at twenty years imprisonment. In cause no. F12-61626, the jury assessed punishment at fifteen years imprisonment. The trial court ordered that the sentences run concurrently. In one issue on appeal, appellant contends the trial court erred by admitting testimony into evidence during the punishment phase regarding information on appellant's gang cards. Because all dispositive issues are settled in law, we issue this memorandum opinion. Tᴇx. R. Aᴘᴘ. P. 47.2(a), 47.4. We affirm the judgments of the trial court.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On October 21, 2012, at approximately 10:30 p.m., Gloria Castaneda, her boyfriend Evar Cruz, and two of Gloria's daughters were in Castaneda's

vehicle, parked in a parking space **[2]** in front of the apartment complex where Cruz lived. Cruz got out of the vehicle and was standing on the driver's side, talking to Castaneda through the window. Castaneda's daughters, ages eight and thirteen, were asleep in the backseat. While Cruz and Castaneda talked, a white Mustang with a black front quarter panel pulled in behind Castaneda's vehicle, blocking her exit. Two men got out of the Mustang, and one went to each side of Castaneda's vehicle. One of the men threatened to shoot Cruz if he ran, but Cruz ran for help anyway. The other man put a tire iron next to Castaneda's window and told her to get out of the vehicle. The men told Castaneda to give them everything she had, including her wallet and purse. Castaneda told them to take everything but not to hurt her children. The men took her necklace, purse, and the stereo from the car. The purse contained $850 in cash, including a two dollar bill, and Cruz's I.D. The two men left in the Mustang when Cruz returned with some of his friends.

Castaneda called the police, who put a description of the Mustang on the radio. Soon thereafter, the Mustang was stopped; appellant and his brother, Pedro **Hernandez**, were inside. Both men were **[3]** taken to police headquarters and interviewed. Meanwhile, the police inventoried the Mustang and found most of the stolen property and a tire iron in the back seat. Appellant gave a recorded statement to the police admitting his participation in the robbery.

Appellant was charged by indictment with the offense of aggravated robbery with a deadly weapon in each case. Appellant pleaded not guilty

to the charges. A trial was held before a jury, and the jury found appellant guilty of the offenses. In cause no. F12-61625, the jury assessed punishment at twenty years imprisonment. In cause no. F12-61626, the jury assessed punishment at fifteen years imprisonment. The trial court ordered that the sentences run concurrently. Appellant now files this appeal.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

In one issue on appeal, appellant contends the trial court erred by admitting testimony into evidence during the punishment phase regarding information on appellant's gang cards. *HN1* We review a trial court's ruling on the admission of evidence under an abuse-of-discretion standard of review. *See Davis v. State*, 329 S.W.3d 798, 803 (Tex. Crim. App. 2010). Under that standard, a trial court's ruling will only be deemed an abuse of discretion if it is so clearly **[4]** wrong as to lie outside the zone of reasonable disagreement. *See Walters v. State*, 247 S.W.3d 204, 217 (Tex. Crim. App. 2007). The trial court's ruling will be upheld if the trial court's decision is "reasonably supported by the record and is correct under any theory of law applicable to the case." *Carrasco v. State*, 154 S.W.3d 127, 129 (Tex. Crim. App. 2005).

Appellant argues that testimony regarding the content of appellant's gang cards should not have been admitted under the best evidence rule. *HN2* The best evidence rule provides: "[t]o prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is

required except as otherwise provided in these rules or by law." TEX. R. EVID. 1002; *see also Englund v. State*, 946 S.W.2d 64, 67-68 (Tex. Crim. App. 1997). "The best evidence rule rests on the fact that a document is a more reliable, complete, and accurate source of information as to its contents and meaning than anyone's description." *Overton v. State*, 490 S.W.2d 556, 559 (Tex. Crim. App. 1973); *see Ali v. State*, 26 S.W.3d 82, 88 (Tex. App.—Waco 2000, no pet.) ("Generally speaking, the only competent evidence to prove the contents of a document is the document itself."). However, the best evidence rule does not apply when the item in question is not admitted into evidence to prove its contents. *See Sharp v. State*, 707 S.W.2d 611, 618 (Tex. Crim. App. 1986). Further, the best evidence rule does not apply when the document and its contents are only collaterally related to the issues in the case. *See Ali*, 26 S.W.3d at 88.

## III. DISCUSSION [5]

In his sole issue, appellant contends the trial court erred by admitting the testimony of Carrollton police detective Cory Cook into evidence during the punishment phase regarding information on appellant's gang cards. In response, the State contends appellant did not preserve error for appellate review, the best evidence rule was not a proper objection in this case, and error, if any, was harmless.

### A. Evidence At Trial

The State offered the testimony of Carrollton police detective Cory Cook as character evidence regarding appellant's gang affiliation. Cook testified that he has held numerous positions with the department, including gang intelligence. Cook stated that he has known appellant since appellant was a child. Cook's most recent contact with appellant took place a year or two earlier, during an investigation of aggravated assault of a gang member. Cook testified that the complainant in that investigation claimed that a rival gang member assaulted him, and Cook interviewed appellant regarding that offense. Cook testified that appellant never directly told Cook that he was a member of a gang. Cook then testified, without objection, that according to the police department's gang [6] data base, appellant claimed to be a member of the HHK gang on numerous occasions. Cook described the territorial nature of the HHK gang, and described their primary activities as robbery, assault, theft, burglary, and drug possession and use. Cook explained that the HHK gang also uses the name Seven Leaf Soldiers, and stated that appellant has a tattoo indicating he is affiliated with the Seven Leaf Soldiers gang.

Cook testified that the gang unit of the police department kept cards, similar to an intelligence roster, detailing the contacts police had with certain individuals. Cook testified they had several cards for appellant, that he had reviewed appellant's cards before coming to testify, and was familiar with the types of contacts appellant had with the Carrollton police. The prosecuting attorney then asked, "[b]ased on his gang card, what types of contacts has he had with the gang

unit?" Defense counsel objected, stating "[t]he best evidence is the gang card itself and if the gang card is here." Defense counsel also informed the trial court that he had not seen the cards; however, defense counsel did not ask to see the cards, and did not ask that they be produced. The trial court overruled **[7]** defense counsel's objection. Cook then testified that based on his review of the gang cards, the Carrollton police gang unit had contact with appellant for incidents of fighting. He also stated there were incidents when appellant was contacted by officers and proudly proclaimed he was a member of HHK.

The State offered testimony from Deputy Margaret Brown with the Dallas County Sheriff's Department, who identified the fingerprints on various certified copies of prior judgments and certified jail cards as being appellant's fingerprints. The State also offered testimony of Rubin Morin, probation officer with Dallas County Adult Probation, who testified that appellant was initially placed on probation on March 31, 2011, for robbery and evading arrest. Morin testified that in November, 2011, appellant was placed on another probation, seven years of deferred adjudication, for aggravated assault. Morin further testified that appellant has failed to comply with the terms of his probation.

Appellant testified in his own defense, stating he has never been convicted of a felony as an adult. On cross-examination, appellant denied being a gang member or telling the police that he was a member of **[8]** a gang. However, he admitted that he started using marijuana at 11 years of age, and that he started having contact with the

court system around 12 years of age. He admitted being charged with making a terroristic threat when he was 12 years old, and also admitted committing juvenile burglary of a habitation and juvenile aggravated assault. He admitted being expelled from Perry Middle School for gang activity, but denied being involved in gang activity. He admitted having a tattoo on his hand that says Seven Leaf Soldier but testified he got the tattoo because his friends pressured him to get it, not because he was a gang member. Appellant admitted that in 2010, he was charged with evading arrest for running into a car and striking other cars before jumping out and fleeing. However, he denied yelling that he was a member of the How High Krew (HHK) when getting out of his car. He admitted that he and his ex-girlfriend were involved in a robbery around the same time. Appellant admitted that while he was on probation for robbery and evading arrest, he also pled guilty to aggravated assault with a deadly weapon; however, appellant stated that he did not commit this offense. And appellant **[9]** testified that he did not remember what happened the night that he allegedly committed the aggravated robbery described in this case, and did not remember giving a statement to the police admitting he was involved in the offense.

### B. Applicability Of Best Evidence Rule

Appellant complains that the whole purpose of Cook's testimony was to show the jury that appellant was a gang member and a menace to society. Appellant argues that because Cook's

assertion that appellant was a gang member was based strictly on the gang cards, it is of great importance to know whether Cook's testimony regarding the content of the cards was accurate. Therefore, according to appellant, Cook's testimony regarding the content of the gang cards should not have been admitted under the best evidence rule. *See* Tex. R. Evid. 1002.

Cook's testimony clearly demonstrated that he had known appellant and his family since appellant was a child, and his knowledge of appellant's gang affiliation was not based strictly on the Carrollton police department's gang cards. Furthermore, Cook was asked about the gang cards kept by the Carrollton police department gang unit after he had already testified, without objection, that his research **[10]** in the department's gang data base and contacts with appellant showed that appellant claimed to be a member of the HHK gang. Cook then testified, again without objection, that the department had several gang cards on appellant. The prosecuting attorney did not ask Cook to testify as to the exact content of appellant's gang cards. Instead, Cook was asked, "[b]ased on his gang card, what types of contacts has he had with the gang unit?" The aim was not to prove the contents of appellant's gang cards but to provide background relating to the ascertainment of appellant's gang affiliation. *See Overton*, 490 S.W.2d at 559 ("It should be stressed that the [best evidence] rule applies only where the purpose of the offered evidence is to prove the contents of the document."). It is evident that neither party considered the specific content of the gang cards to be important in this case because the State did not attempt to admit the gang cards

into evidence, and defense counsel did not ask to see the cards or request that they be produced.

We conclude the best evidence rule was not applicable, and the trial court did not abuse its discretion by admitting Cook's testimony regarding the types of contacts appellant had with the **[11]** Carrollton police department's gang unit. *See Ali, 26 S.W.3d at 88*. We overrule appellant's sole issue.

## IV. CONCLUSION

Having overruled appellant's sole issue, we affirm the trial court's judgments.

/David L. Bridges ▼/

DAVID L. BRIDGES ▼

JUSTICE

Do Not Publish

TEX. R. APP. P. 47

## JUDGMENT

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered February 3, 2015.

**Content Type:** Cases

**Terms:** Hernandez 05-13-00479-CR

**Narrow by:** Court: Texas

**Date and Time:** Apr 03, 2015   01:17:14 p.m. EDT

LexisNexis®    About LexisNexis®    Privacy Policy    Copyright © 2015 LexisNexis. Terms & Conditions. All rights reserved.