**Reversed and Remanded and Opinion filed May 7, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00004-CV

---

## PURPLE MARTIN LAND COMPANY, LLC, Appellant

## V.

## DIANA GORDON OFFORD; WINTER GORDON, JR.; JOYCE STEIN; Appellees

---

### On Appeal from the 268th District Court
### Fort Bend County, Texas
### Trial Court Cause No. 15-DCV-225272

---

### OPINION

Appellant Purple Martin Land Company, LLC ("Purple Martin") appeals a no-evidence summary judgment granted to appellees Diana Gordon Offord; Winter Gordon, Jr.; and Joyce Stein. In two issues, Purple Martin argues that the trial court erred when it granted: (1) appellees' motion to reconsider a continuance granted to Purple Martin to conduct discovery; and (2) appellees' no-evidence motion for summary judgment, because Texas Estates Code § 203.001 does not preclude

Purple Martin's evidence from raising a fact issue. Because we conclude that the trial court erred when it granted appellees' no-evidence motion for summary judgment, we reverse the trial court's judgment and reverse for further proceedings.

## I. BACKGROUND

This is the second time this real-property dispute is before this Court. *See Purple Martin Land Co., LLC v. Offord*, No. 14-20-00265-CV, 2021 WL 6069272 (Tex. App.—Houston [14th Dist.] Dec. 23, 2021, no pet.) (mem. op.) (reviewing the trial court's grant of appellees' plea to the jurisdiction). Because we have previously detailed the underlying facts, we will summarily state the facts and background as necessary for this appeal. *See id.* at *1–4.

The Property in dispute between the parties is comprised of two separate tracts of land in Fort Bend County, Texas, that were originally owned by Nathan and Agnes Lewis.[1] *Id.* at *1. Nathan and Agnes died intestate and were survived by six children.[2] *Id.* Appellees are descendants of one of these children, Charity, and claim ownership of the Property through inheritance from Charity and through adverse possession. *Id.* Purple Martin alleges it owns an undivided common interest in the Property that it acquired from other descendants of Nathan and Agnes. *Id.* at *2.

In 2015, appellees filed suit for declaratory judgment to quiet title in nine of

---

[1] The two tracts of land are: (1) a 20.295-acre tract in Fort Bend County, Texas, Noel F. Roberts League, abstract number seventy-nine; and (2) a 19.14-acre tract in Fort Bend County, Noel F. Roberts League, abstract number seventy-nine. We will refer to both tracts of land together as "the Property."

[2] In the record developed after our remand following the first appeal, Purple Martin now argues that one of Nathan and Agnes's children, Lo Violet, died before Nathan and Agnes. *See Purple Martin Land Co., LLC v. Offord*, No. 14-20-00265-CV, 2021 WL 6069272, at *1 & n.2 (Tex. App.—Houston [14th Dist.] Dec. 23, 2021, no pet.) (mem. op.). Appellees have also since clarified that appellee Joyce Stein is Diana and Winter's sister. *See id.* & n.1.

2

the twelve lots in the Property, arguing that they had exclusive use and possession of those lots for over twenty-five years. *Id.* at *1–2. In 2018, Purple Martin filed suit against appellees for trespass to try title, quiet title, and declaratory judgment, seeking to establish superior title to the Property as opposed to appellees. *Id.* at *2. In January 2019, the trial court consolidated the two lawsuits. *Id.*

Appellees filed a plea to the jurisdiction and argued that Purple Martin lacked standing to assert its claims; the trial court granted appellees' plea; Purple Martin appealed; and we reversed and remanded back to the trial court after concluding that Purple Martin had standing. *Id.* at *6. We stated that "viewing Purple Martin's petition and deeds in the light most favorable to Purple Martin, we conclude that Purple Martin raised a fact issue as to whether it acquired an ownership interest in the Property." *Id.*

Subsequent to our remand, appellees filed a second amended petition and abandoned all claims in their previous petition inconsistent with their second amended petition. In their live pleading, appellees now allege that they have exclusive title to all of the Property by inheritance "and/or" adverse possession.

Appellees also filed a combined Rule 248 motion and no-evidence motion for summary judgment. *See* Tex. R. Civ. P. 248 ("When a jury has been demanded, questions of law, motions, exceptions to pleadings, and other unresolved pending matters shall, as far as practicable, be heard and determined by the court before the trial commences . . . ."); *see also* Tex. R. Civ. P. 166a(i). Under Rule 248, appellees argued that Purple Martin's deeds and genealogy reports were not competent summary-judgment evidence because Purple Martin did not offer any evidence complying with Texas Estates Code § 203.001.  *See* Tex. Est. Code Ann. § 203.001 (titled "Recorded Statement of Facts as Prima Facie Evidence of Heirship"). As a result, appellees argued, their no-evidence motion should be

3

granted because Purple Martin had "no competent legal and admissible evidence to establish any title to the property" and that "Purple Martin lacks competent evidence to prove it has continuous title to the disputed property from the sovereign to the present . . . ."

Purple Martin filed a response to appellees' motion and attached in relevant part copies of the warranty deeds it had acquired, a list of the recorded warranty deeds, multiple affidavits of heirship, a genealogical report, an heirship chart, and an affidavit by Purple Martin's attorney authenticating the exhibits. Appellees filed additional objections to Purple Martin's summary-judgment evidence, arguing in part that its evidence was not competent summary judgment evidence because it was authenticated by Purple Martin's counsel and the affidavit "fails to provide sufficient personal knowledge to authenticate all of Purple Martin's responsive documents."

On December 6, 2022, the trial court signed a final judgment, stating:

> the Court revisited and set aside its earlier rulings of November 4, 2022, and November 10, 2022, to delay for 90 days consideration of [appellees'] Rule 248 Motion for Legal Determination Regarding Warranty Deeds[] Relied on by Defendant and Counter-Plaintiff Purple Martin Land Company, LLC in Support of its Trespass to Try Title Claim and [appellees] Rule 166a(i) No Evidence Motion for Partial Summary Judgment which challenge the evidentiary and legal sufficiency of the evidence to support Purple Martin's trespass to try title claim. The Court sustains [appellees'] procedural and evidentiary objections to Purple Martin's responses and timely submitted summary judgment evidence and GRANTED on the record [appellees'] dispositive motions. The Court finds and rules that Purple Martin had the burden of proof to establish with competent summary judgment evidence a *prima facie* case of continuous chain of title to the Fort Bend County properties it is claiming to but has failed to do so in its responses to [appellees'] Rule 249 and No-Evidence motions.
>
> . . .

4

The trial court SUSTAINS [appellees'] objections to Purple Martin's summary judgment responses, evidence and objections.

This appeal followed.

## II. DISCUSSION

In two issues, Purple Martin argues the trial court erred when it granted: (1) appellees' motion to reconsider a continuance granted to Purple Martin to conduct discovery; and (2) appellees' no-evidence motion for summary judgment, because Texas Estates Code § 203.001 does not preclude Purple Martin's evidence from raising a fact issue. Because it is dispositive, we will address Purple Martin's second issue. *See* Tex. R. App. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

### A. STANDARD OF REVIEW

After an adequate time for discovery, a party may move for a no-evidence summary judgment asserting that no evidence exists to support one or more essential elements of a claim on which the adverse party bears the burden of proof at trial. Tex. R. Civ. P. 166a(i); *see LMB, Ltd. v. Moreno*, 201 S.W.3d 686, 688 (Tex. 2006) (per curiam). The burden then shifts to the nonmovant to produce evidence raising a genuine issue of material fact on the challenged elements of his claim. Tex. R. Civ. P. 166a(i); *Mack Trucks, Inc. v. Tamez,* 206 S.W.3d 572, 582 (Tex. 2006). A no-evidence summary judgment is improper if the nonmovant brings forth more than a scintilla of probative evidence raising a genuine issue of material fact. *Forbes Inc. v. Granada Bioscis., Inc.*, 124 S.W.3d 167, 172 (Tex. 2003).

"Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." *Id.* (quoting *King*

*Ranch v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003)). More than a scintilla of evidence exists if the evidence would allow reasonable and fair-minded people to differ in their conclusions. *Id.* Unless the nonmovant raises a genuine issue of material fact, the trial court must grant summary judgment. Tex. R. Civ. P. 166a(i).

We review a trial court's ruling on a motion for summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). We view the evidence in the light most favorable to the party against whom summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks*, 206 S.W.3d at 582 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)).

We review a trial court's evidentiary ruling for an abuse of discretion. *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 132 (Tex. 2012); *Bay Area Healthcare Grp., Ltd. v. McShane*, 239 S.W.3d 231, 234 (Tex. 2007) (per curiam). A trial court abuses its discretion when it acts arbitrarily or without regard for guiding rules or principles. *Waldrip*, 380 S.W.3d at 132.

**B.     APPLICABLE LAW**

In a summary judgment proceeding, the judgment sought:

> shall be rendered forthwith if (i) the deposition transcripts, interrogatory answers, and other discovery responses referenced or set forth in the motion or response, and (ii) the pleadings, admissions, affidavits, stipulations of the parties, and authenticated or certified public records, if any, on file at the time of the hearing . . . show that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or any other response.

Tex. R. Civ. P. 166a(c). "Under the summary judgment standard, copies of

documents must be authenticated in order to constitute competent summary judgment evidence." *In re Estate of Guerrero*, 465 S.W.3d 693, 703 (Tex. App.— Houston [14th Dist.] 2015, pet. denied) (en banc); *see also* Tex. R. Evid. 901(a) ("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."), 902 (titled "Evidence That Is Self-Authenticating").

A plaintiff must prove the title it claims in the disputed property as an element of his trespass-to-try-title claim. *Campbell v. DLJ Mortg. Cap., Inc.*, No. 01-18-01047-CV, 2020 WL 5048136, at *7 (Tex. App.—Houston [1st Dist.] Aug. 27, 2020, no pet.) (mem. op.); *see* Tex. R. Civ. P. 783 (stating the requirements of a petition for trespass to try title); *see also, e.g.*, *Ramsey v. Grizzle*, 313 S.W.3d 498, 506 (Tex. App.—Texarkana 2010, no pet.) ("[I]t appears that the substance of the point of error goes to Grizzle[']s failure to prove he had good title, an element of a trespass to try title action."); *Heirs of Garcia v. Parr*, No. 04-12-00767-CV, 2014 WL 3928602, at *4 (Tex. App.—San Antonio Aug. 13, 2014, pet. denied) (mem. op.) ("The 'element' a plaintiff must prove in a trespass to try title action is the title he claims in the disputed property."). In a trespass-to-try-title action, a plaintiff may prove legal title by establishing: (1) a regular chain of title conveyances from the sovereign to the plaintiff; (2) a superior title to that of the defendant out of a common source; (3) title by limitations (i.e., adverse possession); or (4) possession that has not been abandoned. *Brumley v. McDuff*, 616 S.W.3d 826, 832 (Tex. 2021).

Section 203.001 of the Texas Estates Code, titled "Recorded Statement of Facts as Prima Facie Evidence of Heirship," provides in relevant part:

(a) A court shall receive in . . . a suit involving title to property a

statement of facts concerning the family history, genealogy, marital status, or the identity of the heirs of a decedent as prima facie evidence of the facts contained in the statement if:

> (1) the statement is contained in:
>
>> (A) an affidavit or other instrument legally executed and acknowledged or sworn to before, and certified by, an officer authorized to take acknowledgments or oaths, as applicable; or
>>
>> (B) a judgment of a court of record; and
>
> (2) the affidavit or instrument containing the statement has been of record for five years or more in the deed records of a county in this state in which the property is located at the time the suit involving title to property is commenced, or in the deed records of a county in this state in which the decedent was domiciled or had a fixed place of residence at the time of the decedent's death.
>
> . . . .
>
> (d) An affidavit of facts concerning the identity of a decedent's heirs does not affect the rights of an omitted heir or creditor of the decedent as otherwise provided by law. *This section is cumulative of all other statutes on the same subject and may not be construed as abrogating any right to present evidence or rely on an affidavit of facts conferred by any other statute or rule*.

Tex. Est. Code Ann. § 203.001(a), (d) (emphasis added). Additionally, the Texas Property Code provides that "[a] headright certificate, land scrip, bounty warrant, or other evidence of legal right to located and surveyed land is sufficient title to maintain a trespass to try title action." Tex. Prop. Code Ann. § 22.002; *see also DRG Fin. Corp. v. Wade*, 577 S.W.2d 349, 352 (Tex. App.—Houston [14th Dist.] 1979, no writ) ("Any deed, contract, or judgment or other instrument not void on its face which purports to convey any interest in or makes any change upon the land of a true owner, the invalidity of which would require proof, is a cloud upon the legal title of the owner.").

8

## C.    ANALYSIS

Here, appellees argued that the warranty deeds offered by Purple Martin were not competent summary-judgment evidence because Purple Martin offered no evidence complying with Texas Estates Code § 203.001. The trial court sustained this evidentiary challenge to the admissibility of Purple Martin's warranty deeds and granted appellees' no-evidence motion for summary judgment.

While § 203.001 provides for one way in which prima facie evidence of heirship can be proven in a suit involving title to real property, it explicitly states that it is cumulative of all other statutes on the same subject. *Id.*; *see* Tex. Prop. Code Ann. § 22.002; *see also Ramsey v. Jones Enters.*, 810 S.W.2d 902, 904 (Tex. App.—Beaumont 1991, writ denied) (stating that Texas Property Code § 22.002 "sets out what we perceive to be the minimum requirement to maintain a trespass to try title action"). Therefore, the trial court erred when it excluded Purple Martin's evidence based solely on § 203.001.

Appellees also objected to Purple Martin's deeds and heirship affidavits on the basis that they were not properly authenticated by the affidavit of Purple Martin's counsel. However, Purple Martin's certified copies of the deeds in the summary-judgment record indicate that they were filed in Fort Bend County's real property records, and thus are self-authenticating.[3] *See* Tex. R. Evid. 902(4); *see, e.g.*, *Murphy v. Countrywide Home Loans, Inc.*, 199 S.W.3d 411, 446 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) ("The deed of trust, substitute trustee's deed, and affidavit of mortgage in this case all contain file stamps which indicate that they have been filed in the Galveston County real property records as official public records. Therefore, we hold these documents to be self-authenticated."); *see also* Tex. R. Evid. 1005; *ESIS, Inc. v. Johnson*, 908 S.W.2d

---

[3] The deeds themselves also contain heirship recitals.

554, 561 (Tex. App.—Fort Worth 1995, writ denied) ("A copy of a public record is considered authentic if a sponsoring witness vouches for its authenticity or if the document meets the certification requirements for self-authentication contained in [Texas Rule of Evidence] 902."). The same is true of Purple Martin's affidavits of heirship. *See* Tex. R. Evid. 902(4); *Murphy*, 199 S.W.3d at 446.

We conclude that the trial court erred when it sustained appellees' objections to Purple Martin's deeds and affidavits of heirship, and we will consider them in reviewing the trial court's grant of appellees' no-evidence motion for summary judgment.[4] *See Waldrip*, 380 S.W.3d at 132; *Murphy*, 199 S.W.3d at 446.

Appellees argued in their no-evidence motion that Purple Martin had "no competent legal and admissible evidence to establish any title to the property" and that "Purple Martin lacks competent evidence to prove it has continuous title to the disputed property from the sovereign to the present . . . ." The burden was then on Purple Martin to produce competent summary judgment evidence raising a genuine issue of a material fact. *See* Tex. R. Civ. P. 166a(i); *B.C. v. Steak N Shake Operations, Inc.*, 598 S.W.3d 256, 259 (Tex. 2020) (per curiam).

Purple Martin's deeds and affidavits of heirship support an inference that Purple Martin acquired deeds from descendants of the original owners of the Property, Nathan and Agnes, and that Nathan and Agnes's descendants inherited

---

[4] Appellees also objected to other exhibits submitted by Purple Martin on the basis that: the transcript from the hearing on appellees' plea to the jurisdiction contained nothing but arguments of counsel; the testimony of Purple Martin's witnesses at the plea-to-the-jurisdiction hearing was hearsay and Purple Martin did not offer any evidence that those individuals are unavailable to testify; some of Purple Martin's exhibits are hearsay within hearsay; a chart submitted was not authenticated through any independent affidavit; and the genealogy report was not written by an expert in genealogy. Assuming without deciding that the trial court properly sustained these objections and excluded these exhibits, the deeds and affidavits of heirship in the summary-judgment record alone support an inference that Purple Martin has an interest in the Property, as noted below.

an interest in the Property via intestate succession.[5]

Viewing Purple Martin's deeds and affidavits of heirship in the light most favorable to Purple Martin, we conclude that Purple Martin raised a fact issue as to whether it has superior title to the Property through a regular chain of title conveyances from the sovereign to the plaintiff or superior title to the Property that of appellees out of a common source. *See* Tex. Prop. Code Ann. § 22.002; *Mack Trucks, Inc.*, 206 S.W.3d at 582; *see, e.g.*, *Rogers v. Ricane Enters., Inc.*, 884 S.W.2d 763, 768 (Tex. 1994) ("[B]ecause Ricane has asserted that its title derives from the same source as Rogers's title, Rogers, as plaintiff, need only demonstrate good title coming from that common source to meet its burden."); *see also Mohnke v. Greenwood*, 915 S.W.2d 585, 594 (Tex. App.—Houston [14th Dist.] 1996, no pet.) ("The question of adverse possession is one of fact, and only in rare instances can a court hold that adverse possession has been established as a matter of law."); *Purple Martin Land Co.*, 2021 WL 6069272, at *6–7 ("Whether Purple Martin acquired an ownership interest in the Property through its deeds in light of [appellees] competing claims to the property is a fact issue to be resolved in the parties' underlying suit."). Therefore, we conclude that the trial court erred when it granted appellees' no-evidence motion for summary judgment. *See* Tex. R. Civ. P. 166a(i).

We sustain Purple Martin's second issue.

---

[5] Appellees also argued that Purple Martin did not provide competent summary-judgment evidence because it did not address the applicable limitations period for intestate succession and pointed to Texas Estates Code § 256.003. *See* Tex. Est. Code Ann. § 256.003 (titled "Period for Admitting Will to Probate; Protection for Certain Purchasers"). Contrary to appellees' argument, this limitation applies to a party's ability to file a will as a muniment of title in a court proceeding, and the failure to do so does not prevent the vesting of title through intestate succession, subject to the satisfaction of the decedent's debts. *See id.* §§ 101.001(b); 101.051.

### III. CONCLUSION

We reverse the trial court's judgment and remand for further proceedings.


/s/  Margaret "Meg" Poissant

Justice


Panel consists of Justices Jewell, Bourliot, and Poissant.

12